In the Matter of VINCENT P. ROSKE et al., Appellants-Respondents, v. THERESA KEYES, Individually and as Personnel Officer of the County of Suffolk, et al., Respondents-Appellants.

Second Department, December 30, 1974.

*Neil J. Abelson* for appellants-respondents.

*George W. Percy, Jr., County Attorney* (*Patrick A. Sweeney* of counsel), for respondents-appellants.

*Richard Hartman* for Suffolk County Patrolmen's Benevolent Association, *amicus curiae.*

LATHAM, J. These are cross appeals from a judgment of the Supreme Court, Suffolk County, which granted the petition in this proceeding pursuant to article 78 of the CPLR insofar as it sought to prevent the respondents from appointing three applicants on a Suffolk County patrolman's eligible list (No. 11–143), in advance of other applicants having a higher rating, on the basis of their certified fluency in the Spanish language, but denied it insofar as it sought to restrain the respondents from promulgating a new eligible list (No. 13–214), thereby terminating the prior list (No. 11–143).

On or about December 21, 1970, the then Personnel Officer of Suffolk County determined to conduct an open competitive examination for the position of "Suffolk County Police Patrolman" and to that end duly posted public notice. The petitioners took and passed that examination and were thereafter included on Eligible List No. 11–143 when it was promulgated on March 10, 1972. The list was originally stated to be effective for a period of one year, and to date more than 300 applicants have been appointed from it. The petitioners, who have not been so appointed, remain on the list. In February, 1973 the respondents elected to extend the life of that list to March 8, 1974. The petitioners were duly notified of that fact. At or about the same time, it was further determined to conduct a new open competitive examination (No. 13–214) for the position of "Suffolk County Police Officer" and this examination was held on October 13, 1973. On March 5, 1974, Eligible List No. 11–143 was again extended until the new list (No. 13–214) could be promulgated.

It is the establishment of this new list which the petitioners are seeking to prevent, contending that the determination to conduct open competitive examination No. 13–214 was made arbitrarily, capriciously and in bad faith to secure the disqualification of certain of the petitioners by reason of age (Civil

Service Law, § 58). The petitioners also challenge, in this proceeding, the respondents' determination to appoint out of turn three Spanish-speaking eligibles from List No. 11-143 on the basis of their linguistic ability.

This last-cited grievance had its genesis in a canvass, by the respondent Personnel Officer, of those eligibles on List No. 11-143 claiming a proficiency in Spanish. This was followed by an oral examination of the nine candidates responding favorably, which resulted, ultimately, in the certification of three Hispanic-surnamed individuals as being fluent in the Spanish language. One of the petitioners, a candidate not so certified, alleges that he was told he had passed the examination. The petitioners contend that the determination to appoint the three individuals in question was made illegally for the purpose of achieving " greater minority representation " on the Suffolk County police force, in violation of section 6 of article V of the Constitution of the State of New York and section 61 of the Civil Service Law.

Beginning with a consideration of the first issue presented, it is apparent that the respondent Personnel Officer had the inherent authority to extend the life of Eligible List No. 11-143 up to the statutory maximum of four years (Civil Service Law, § 56; *Uniformed Fireman's Benevolent Assn.* v. *Herten,* 23 A D 2d 788), as well as to determine whether and when a new competitive examination should be held (*Hurley* v. *Board of Educ. of City of N. Y.,* 270 N. Y. 275, 280; see Civil Service Law, § 17, subd. 1; § 51, subd. 1; § 56). The only limitation on this authority is that it not be exercised arbitrarily or in bad faith (*Matter of Katz* v. *Hoberman,* 28 N Y 2d 530; *Matter of Murray* v. *McNamara,* 303 N. Y. 140, 144; see *Matter of Council of Supervisory Assns. of Public Schools of N. Y. City* v. *Board of Educ. of City of N. Y.,* 23 N Y 2d 458, 465; *Matter of Wirzberger* v. *Watson,* 305 N. Y. 507, 513), which is precisely what the petitioners are contending has happened herein. They have not, however, made an adequate factual showing on this issue, supplying us with only conclusory allegations based on information and belief. This is not sufficient to rebut the presumption of regularity and honest motivation which attaches to official acts (*Matter of Council of Supervisory Assns. of Public Schools of N. Y. City* v. *Board of Educ. of City of N. Y., supra,* p. 467).

Turning to the issue of the alleged preferential appointments, it is clear from this record that the respondents were not racially motivated in their quest for Spanish-speaking eligibles, but were motivated instead by a desire to recruit a certain minimum

number of bilingual officers to " go out into the neighborhoods " and " get " a viable minority recruitment program " going ". The record adequately demonstrates the need for bilingual officers to adequately service Suffolk's substantial Spanish-speaking community, as well as the fact that normal recruitment programs have so far failed to satisfy this need. Be that as it may, an attempt to impose other and further qualifications, not listed in the examination notice, after the certification of the list of eligibles is palpably improper and is not to be condoned (see *Matter of Williams* v. *Kennedy,* 1 Misc 2d 804, 806, affd. 5 A D 2d 826). To hold otherwise would do violence to both the letter and spirit of the civil service system (N. Y. Const., art. V, § 6; Civil Service Law, § 61).

The judgment should therefore be affirmed.

GULOTTA, P. J., HOPKINS, MARTUSCELLO and SHAPIRO, JJ., concur.

Judgment of the Supreme Court, Suffolk County, dated July 31, 1974, affirmed, without costs.