■ ROBERT AUTORINO et al., Appellants, v WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY et al., Respondents.— In a proceeding pursuant to CPLR article 78 to prohibit the respondents from establishing a new eligible list for the position of lieutenant-public safety services, the appeal is from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered March 10, 1987, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The appellants are police sergeants who are ranked highest on the respondents' 1984 list of eligible candidates for the position of lieutenant. They seek to prevent the promulgation of a new list by claiming they are aggrieved by the failure to use the old one. Their position is untenable. The fact that other sergeants are currently employed in positions once occupied by lieutenants is irrelevant. There are no vacancies for lieutenants, so the appellants could not have been pro-

moted regardless of who was working in those positions *(cf., Matter of Mena v D'Ambrose,* 44 NY2d 428, 433; *Matter of State Div. of Human Rights v County of Onondaga,* 84 AD2d 931).

The respondents properly exercised their statutory discretion in scheduling a new candidates' test for the position of lieutenant. It is clear that the value of the eligibility list diminishes over time *(see,* Civil Service Law § 56; *Hurley v Board of Educ.,* 270 NY 275, 280; *Matter of Roske v Keyes,* 46 AD2d 366, 368). Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.