■ LAWRENCE ANDRIOLA et al., Respondents, v JUAN U. ORTIZ, as Personnel Commissioner of the City of New York, et al., Appellants, and WILLIAM BARRETT et al., Intervenors-Respondents.—Order and judgment (one paper), Supreme Court, New York County (Kristin Booth Glen, J.), entered August 5, 1988, which, *inter alia,* directed respondents-appellants to regrade a civil service examination taken, on October 31, 1981, by petitioners for the position of lieutenant in the New York Fire Department, directed said respondents to create a special eligible list for petitioners, and extended the eligible list of the intervenors, is unanimously modified, on the law and on the facts, to the extent of deleting all references to the extension of the intervenors' eligible list, and except as thus modified, otherwise affirmed, without costs.

On October 31, 1981, the New York City Fire Department (Fire Department) and New York City Personnel Department (Personnel Department) gave a written examination for the position of lieutenant in the Fire Department. Thereafter, 26 New York City firefighters (petitioners) instituted, pursuant to CPLR article 78, a proceeding against the New York City Fire and Personnel Departments and Civil Service Commission (respondents) to challenge the answers to 12 questions on that examination. While this matter was pending determination, an association of firefighters (intervenors) who had taken an examination for lieutenant subsequent to petitioners moved to intervene in the proceeding, and that motion was granted.

Subsequently, the IAS court, in an order and judgment, *inter alia,* directed respondent to regrade the civil service examination taken by petitioners and, upon the basis of that regraded examination, directed respondents to create a special eligible list, and extended the intervenors' eligible list, in order to compensate them for the number of displacements which result from the number of petitioners appointed from the special eligible list, mentioned *supra.*

Although intervenors have passed the examination, which resulted in their eligible list, they do not have "a property

interest in appointment to the position for which [they] applied" *(Matter of Deas v Levitt,* 73 NY2d 525, 532 [1989]).

In view of the fact that, unlike petitioners, intervenors are not challenging for errors allegedly in the examination they took, the case of *Matter of Mena v D'Ambrose* (44 NY2d 428 [1978]) is not applicable, in that *Mena* holds that where candidates demonstrate they were aggrieved by errors in the marking of such test, the duration of the list begins to run when the errors are corrected. Here the intervenors are not alleging errors, and therefore are not entitled to the relief provided for in *Matter of Mena v D' Ambrose (supra).*

Since our examination of Civil Service Law § 56 and Rules and Regulations of the New York City Personnel Director, rule 4.6.6 (d), which implements Civil Service Law § 56 in New York City, indicates that only the New York City Personnel Director has the power, in his or her discretion, to extend an eligible list, we find that the IAS court erred in extending the intervenors' eligible list. Accordingly, we modify the IAS order and judgment to the extent of deleting all references to the extension of the intervenors' eligible list, and otherwise affirm.

We have considered the other contentions of the parties, and find them to be without merit. Concur—Ross, J. P., Asch, Rosenberger, Smith and Rubin, JJ.