OPINION OF THE COURT
Kenneth H. Lange, J.
This is a CPLR article 78 proceeding wherein petitioner seeks an order, inter alla, annulling the provisional appointment of respondent Gabriel Hayes, Jr., as Police Chief made by respondent Board of Trustees of the Village of North Tarrytown.
Petitioner, James Brophy, currently holds the position of Lieutenant of the Village of North Tarrytown Police Department. He was appointed to that position on or about July 7, 1980. In November 1988, Richard Spota, Police Chief of North Tarrytown, sustained an injury during the course of his official duties, which disabled him from performing his duties and responsibilities. On December 20, 1988, petitioner Brophy was appointed Acting Police Chief of North Tarrytown by respondent Board of Trustees.
On December 15, 1988, the Village of North Tarrytown (Village) advised the New York State Civil Service Department that the Village wished to participate in a promotional examination for the positions of Police Chief, Lieutenant, and Sergeant. The field of promotion for Police Chief was limited to Lieutenants by the Village. At that time the Village Police Department had only two Lieutenants, petitioner, James Brophy, and Michael O’Shaughnessy. Only petitioner applied to take the examination for Police Chief and did so in March 1989.
On August 14, 1989, the Westchester County Personnel Office established eligible list No. 79-758, indicating that petitioner had passed the examination and certifying him as the only one eligible for appointment. At the time there was no vacancy in the position of Police Chief since Chief Spota was classified as disabled.
On February 25, 1990, the Village was notified that Sergeant Hayes was certified as eligible for the appointment of Lieutenant. Thereafter, in April 1990, respondent Board of Trustees appointed respondent Hayes to the position of Lieutenant subject to a probationary period of not less than 12 nor more than 26 weeks.
On May 18, 1990, the New York State and Local Employees’ Retirement System advised the Village of North Tarrytown *838 that they approved Chief Spota’s application for accidental disability retirement, and that Chief Spota be removed from the Village payroll within 30 days.
On June 5,1990, the Village Board of Trustees resolved that Chief Spota’s retirement would be effective on June 15, 1990. Also, the Board appointed respondent Hayes to the position of Acting Chief, effective immediately, and provisionally appointed Hayes as Police Chief upon the effective date of Spota’s retirement, June 15, 1990. On June 6, 1990, the Village requested that a new examination for Village Police Chief be offered as soon as possible.
Petitioner thereafter brought this proceeding contending that the Board’s actions were contrary to law, and seeking permanent appointment as Police Chief of the Village of North Tarrytown. Petitioner argues that a provisional appointment is prohibited if an eligible promotional list is in existence, citing Civil Service Law § 65 (1). In response, respondents Board of Trustees and Gabriel Hayes, Jr., assert that there was no "appropriate eligible list” available at the time of Hayes’ provisional appointment, citing Civil Service Law § 61 (1). By notice of motion, respondent J. Emmet Casey, Personnel Officer of Westchester County, moves to dismiss this proceeding for failure to state a cause of action.
According to Civil Service Law § 65 entitled, "Provisional appointments”, the existence of an "appropriate eligible list” bars a provisional appointment. Section 65 (1) reads as follows: "1. Provisional appointments authorized. Whenever there is no appropriate eligible list available for filling a vacancy in the competitive class, the appointing officer may nominate a person to the state civil service department or municipal commission for non-competitive examination, and if such nominee shall be certified by such department or municipal commission as qualified after such non-competitive examination, he may be appointed provisionally to fill such vacancy until a selection and appointment can be made after competitive examination.” (Emphasis added.) And, such provisional appointment shall continue for no more than nine months (Civil Service Law § 65 [2]), and is generally permissible in cases of emergency when there is no appropriate eligible list. (Matter of Poss v Kern, 263 App Div 320, 325.)
The question this court must answer is: Does eligible list No. 79-758 qualify as "an appropriate eligible list?” Respondents submit that an appropriate eligible list is one that *839 contains at least three persons. In support of their position, respondents cite Civil Service Law § 61 (1) which states, in relevant part: "1. Appointment or promotion from eligible lists. Appointment or promotion from an eligible list to a position in the competitive class shall be made by the selection of one of the three persons certified by the appropriate civil service commission as standing highest on such eligible list who are willing to accept such appointment or promotion”. In this case, eligible list No. 79-758 designates only one person, to wit, petitioner, James Brophy.
In resolving this issue, however, McKinney’s Unconsolidated Laws of NY § 5711-q (L 1972, ch 891, § 2 [§ 18]) must be addressed. Section 5711-q is special legislation pertaining to the County of Westchester, and is entitled, "Employment of village policemen and establishment, organization and operation of police departments in the villages of Westchester county; applicability of laws”. Subdivision (6) of this special legislation reads as follows: "6. Promotions. Promotions of officers and members of such police forces shall be made by the board of trustees or municipal board on the basis of seniority, meritorious police service and superior capacity, as shown by competitive examination, such examination to be conducted by the state civil service commission. * * * Notwithstanding any other special or general laws to the contrary such promotion examinations shall be competitive examinations held by the state civil service commission regardless of the number of candidates eligible for such promotion, and if the number of candidates is restricted to less than four by the action of the board of trustees or municipal board and if the names of one or more candidates are certified as having passed such examination such name or names shall constitute an eligible list under the civil service law. ” (Emphasis added.)
This special legislation was sponsored by Assemblyman Malcolm Wilson in 1939. While a review of the Bill Jacket of 1939 does not illuminate the legislative intent, and the case law is sparse, a clear reading of this special legislation renders meritless respondents’ position that an eligible promotion list must contain at least three persons. Section 5711-q (6) specifically states "notwithstanding any other special or general laws to the contrary”. This language therefore excludes the three-person requirement in Civil Service Law § 61 (1). Thus, an eligible promotion list for a village police department in Westchester County may contain only one person, such as eligible list No. 79-758, provided that the number of candi *840 dates is restricted to less than four by the village board and that said candidate is certified as having passed such examination. To follow respondents’ reasoning that an eligible list must have at least three persons would render this special legislation meaningless.
In this case, at the time of Hayes’ provisional appointment, an appropriate eligible list was available. Respondent Board of Trustees limited the field of candidates for the Police Chief examination to Lieutenants, thereby restricting the number of candidates to two persons, Lieutenants Brophy and O’Shaughnessy. Petitioner Brophy was thereafter certified as having passed such examination.
Additionally, a provisional appointment ceases upon appointment "after competitive examination.” In this case, petitioner had taken a competitive examination and had been certified at the time of Hayes’ provisional appointment.
Accordingly, based upon the facts and circumstances of this case, this petition is granted to the extent that the Board’s provisional appointment of Gabriel Hayes, Jr., as Police Chief is annulled. Petitioner, James Brophy, is therefore reinstated as Acting Police Chief pending appointment of Police Chief by respondent Board of Trustees.
Although list No. 79-758 with only one name constitutes an eligible list under the Civil Service Law, McKinney’s Unconsolidated Laws of NY § 5711-q (6) does not mandate appointment of this one candidate. The Village Board must now fill the vacancy of Police Chief. In performing this responsibility, the Board must not overlook the fact that eligible list No. 79-758 has not terminated and shall remain in existence until August 1993 unless an appropriate new list is established (Civil Service Law § 56; Matter of Roske v Keyes, 46 AD2d 366, 368; Autorino v Westchester County Dept. of Pub. Safety, 139 AD2d 614, 615), and that vacancies "shall be filled, as far as practicable, by promotion from among persons holding competitive class positions in a lower grade in the department in which the vacancy exists, provided that such lower grade positions are in direct line of promotion, as determined by the state civil service department or municipal commission” (Civil Service Law § 52 [1]). Civil Service Law § 52 (7) refers to noncompetitive examinations and does not mandate petitioner’s ap *841 pointment as Police Chief. Also, the language in section 52 (7), i.e., "may”, makes that section permissive.
Finally, the motion to dismiss by respondent J. Emmet Casey for failure to state a cause of action is denied. If deemed appropriate, respondent Casey may submit an answer within the time limits specified in CPLR 7804 (f).