■ In the Matter of DANIEL McGUINN et al., Respondents, v CITY OF NEW YORK et al., Appellants. [645 NYS2d 770] —Order, Supreme Court, New York County (Paula Omansky, J.), entered on or about April 3, 1995, which granted petitioners' motion for a temporary restraining order, and denied respondents-appellants' cross motion seeking to dismiss the petition for, *inter alia*, failure to join necessary parties, unanimously reversed, on the law and the facts, and the cross motion granted, without costs or disbursements.

The 19 petitioners, on their own behalf and on behalf of all other persons similarly situated, commenced this CPLR article 78 proceeding challenging appellants' August 1994 announcement that a five-point credit on Exam No. 0084 for New York City Firefighter would be awarded to those candidates whose address of record was in the City as of April 1, 1995 and who declared City residency before April 3, 1995. In the order appealed from, the IAS Court denied appellants' cross motion to dismiss the petition for, *inter alia*, failure to join necessary parties, and enjoined appellants from enforcing the City-residency deadline for Exam No. 0084 candidates until 60 days after final judgment in the underlying proceeding.

The IAS Court abused its discretion in granting the preliminary injunction, petitioners having failed to show a likelihood of success on the merits, irreparable harm and a balancing of the equities in their favor (*Grant Co. v Srogi*, 52 NY2d 496, 517). A preliminary injunction is a drastic remedy that should not be granted unless a clear legal right thereto is shown (*De-Lury v City of New York*, 48 AD2d 595, 596-597), which petitioners have failed to do. They also have failed to show irreparable *injury* absent the requested injunctive relief, the record revealing that they were aware of the April 1, 1995 City-residency deadline no later than October 25, 1994, and therefore had ample time within which to make a reasoned decision whether to move to the City so as to avail themselves of the five-point credit. Petitioners' claim that thousands of nonresident candidates would likely uproot themselves to move to the City to take advantage of the residency credit absent injunctive relief is unsubstantiated and conclusory. As for the equities, they balance in favor of appellants, who established that if the injunctive relief sought against the use of the April 1 and April

3, 1995 City-residency deadlines is granted, their plans to establish an eligible list of Firefighters will be disrupted, additional expenditure for overtime and training of provisional employees will have to be incurred, and the public safety will be put at risk.

The IAS Court also erred in not dismissing the petition, without prejudice, for failure to join as necessary parties all Exam No. 0084 candidates who are New York City residents and who benefit from the challenged City-residency credit (CPLR 1003). If the petition were granted and their City-residency credits accordingly denied, the City-resident candidates would be adversely affected without having an opportunity to be heard. Persons whose civil service status would be adversely affected by a judgment in an article 78 proceeding must be joined as necessary parties (*Matter of Martin v Ronan*, 47 NY2d 486).

Finally, while not addressed by the IAS Court, petitioners, as residents of counties contiguous to the City who are eligible to serve as City Firefighters, are unable, at present, to establish any legally cognizable harm as the result of the challenged action, since the eligible list for Exam No. 0084 has not yet been established, and it therefore cannot be determined, at this time, whether any of the named petitioners, or member of the putative petitioner class, has suffered injury as a result of other candidates' use of the challenged City residency credit. The dispute, therefore, is not ripe for determination and the petition is premature (*see, Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 518, *cert denied* 479 US 985). Concur—Rubin, J. P., Ross, Asch and Tom, JJ.