■ In the Matter of Eric Altamore et al., Appellants, v Lilliam Barrios-Paoli, as Personnel Director of the City of New

York, et al., Respondents. [645 NYS2d 472] —Order of the Supreme Court, New York County (Paula J. Omansky, J.), entered May 30, 1995, which dismissed the CPLR article 78 petition, which sought, *inter alia*, to enjoin respondents from using a five-point City residency credit with regard to an eligibles list for appointments to the position of firefighter, and to extend and use another eligibles list in which petitioners are candidates, is reversed, on the law and facts, without costs or disbursements, the respondents' motion to dismiss the petition is denied and the matter remanded for further proceedings in the Supreme Court with respondents directed to serve an answer to the petition within 20 days after the date of this order.

Petitioners, residents of Nassau or Suffolk Counties, took and passed Examination No. 7022 for appointment to the position of firefighter in the New York City Fire Department. Petitioners were each on the eligibles list which was promulgated by respondents in 1990. During 1992 and 1993, there was a restriction on the appointment of firefighters, and, as a result, the Personnel Director extended the expiration date of Examination No. 7022 eligibles list from May 25, 1994 until May 25, 1995. However, in August 1994, respondents announced that a residency credit would be instituted on a subsequent Examination No. 0084 in which City residents would receive an additional five point credit on the written test. While there were 254 candidates from the No. 7022 list who had completed all pre-appointment medical and psychological examinations as well as background investigations (and approximately 135 candidates who only required medical examinations), the respondents stopped appointments from the No. 7022 list and decided to let that list expire so that they could begin appointing candidates from the No. 0084 list in which City residents had the advantage.

In this article 78 proceeding, petitioners sought a preliminary injunction prohibiting respondents from using the five-point City residency credit, appointing Examination No. 0084 candidates without discounting this credit and terminating the Examination No. 7022 eligibles list. Respondents did not answer but moved to dismiss the petition and the IAS Court granted that motion, finding that since petitioners did not take Examination No. 0084 they lacked standing.

"Under traditional rules, petitioner has standing if (1) the interest he asserts is arguably within the zone of interest to be protected by the statutory or constitutional provisions he seeks to enforce; (2) respondents' decision is shown to have a harmful

effect upon him; and (3) there is no clear legislative intent negating review [citation omitted]." (*Matter of Axelrod v Sobol,* 78 NY2d 112, 115.)

Petitioners herein passed an examination for the position of firefighter and were placed on the eligibles list for appointment. Therefore, they have standing to challenge claimed unlawful appointments by respondents to the same position (*Matter of Burke v Sugarman,* 35 NY2d 39, 44). Thus, the Court of Appeals in *Matter of Burke v Sugarman* noted:

"Eligibles on a civil service list from which a position is to be filled are directly and substantially affected by the failure to comply with the law. As parties to a proceeding they bring the kind of interest that leads to full and vigorous presentation and exploration of the issues involved * * *

"When a civil service examination is given, the public, especially those who sit for that examination, are led to believe that appointment will be made according to law * * *

"Unless those who have sat for, and passed a civil service examination may seek judicial review of unlawful appointments or designations to positions for which they have been placed on an 'eligible list', then appointments or designations which may be contrary to law will be effectively insulated from public scrutiny, judicial oversight, and perhaps any review whatsoever. Moreover, restriction on standing is largely of judicial creation, often used to avoid difficult issues or unpleasant results; generally standing should be expanded rather than contracted [citations omitted]." (*Supra,* at 44-45.)

Petitioners herein sat for and passed a civil service examination. They complain that respondents are unlawfully appointing "favored" candidates from another later list instead of giving them priority. Consequently, they are directly and substantially affected by the issue being litigated and have standing.

The IAS Court also found that Civil Service Law § 56 (2) gives the New York City Personnel Director the sole discretion to determine whether the life of an eligibles list is to be extended beyond the statutory one to four year term and the court may not exercise this authority. There is no dispute that the Personnel Director may lawfully allow an eligibles list to expire *or* conversely, may extend the life of a list pursuant to section 56 (2). However, the petitioners allege (and for purposes of respondents' motion to dismiss on the law, the court must accept the allegations as true), that the respondents used unlawful criteria in exercising their decision to terminate the Examination No. 7022 list, i.e., basing the decision solely on

their desire to favor New York City residents who had taken Examination No. 0084.

The petitioners assert that respondents' actions violate Public Officers Law § 3 (9) and § 30 (5) and the Merit and Fitness Requirements of the New York State Constitution (art V, § 6). Respondents have not answered the petition and since the matter is now "ripe for determination" (*Matter of McGuinn v City of New York*, 219 AD2d 489, 490, *lv dismissed in part and denied in part* 87 NY2d 966), we remand to the nisi prius court for consideration of these and the other issues raised, after respondents have served a responsive pleading.

Finally, when a petition seeks to annul an eligibles list or vacate appointments from it, persons appointed from that list are necessary parties within the meaning of CPLR 1001 (a) and persons on the eligibles list, but not yet appointed, are entitled to notice of the action and an opportunity to intervene (*Matter of Martin v Ronan*, 47 NY2d 486; *see also, Matter of McGuinn v City of New York, supra*). However, while petitioners did not join Examination No. 0084 candidates who are City residents, when this proceeding was commenced, the list of eligibles for Examination No. 0084 had not yet been promulgated, and the Examination No. 0084 candidates were, therefore, not necessary parties at that time. Upon remand, assuming that conditions have changed, the IAS Court can make such order regarding joinder as may be required under the circumstances at that time. Concur—Sullivan, J. P., Rosenberger and Nardelli, JJ.

Williams and Tom, JJ., dissent in a memorandum by Tom, J., as follows: I respectfully dissent and vote to affirm the IAS Court.

The pertinent facts of this case are not in dispute. In late 1987, respondent New York City Department of Personnel published a Notice for Examination No. 7022, whereby participants would be eligible for appointment to positions as firefighters with the New York City Fire Department. The exam was administered on December 12, 1987, physical examinations followed throughout 1988 and 1989 and petitioners, along with thousands of others, were placed on an eligibility list (the "7022 list") promulgated on May 25, 1990. The 7022 list was to expire on May 25, 1994, but respondent Lilliam Barrios-Paoli, Director of the New York City Department of Personnel (the "Personnel Director") extended the expiration date one year to May 25, 1995, apparently as the result of a one-year hiring freeze concerning firefighters.

In the interim, respondents published a Notice for Examina-

tion No. 0084, also for the position of firefighter, on December 2, 1991. The test was administered on May 9, 1992 and it was announced in August 1994, three months after the 7022 list was to originally have expired, that candidates from Examination No. 0084 who were New York City residents, as of a certain date, would receive a five-point credit toward their score. In or about October 1994, respondents began administering the physical examination to approximately 8,000 candidates that qualified from Examination No. 0084.

The petitioners, all of whom are residents of either Nassau or Suffolk Counties, commenced the within proceeding on April 17, 1995 by the service of a summons and verified petition as well as an Order to Show Cause. The petition interposes three causes of action which assert that respondents' actions in allowing the 7022 list to expire were arbitrary and capricious; that the residency credit is void as unconstitutional; and that respondents' refusal to extend, once again, the expiration date of the 7022 list arbitrarily favors New York City residents. Petitioners also moved for a preliminary injunction enjoining respondents from appointing candidates selected from Examination No. 0084, and directing the extension of the 7022 list.

Respondents moved to dismiss the petition, which relief was granted by the IAS Court by a decision and order entered May 30, 1995. In arriving at its decision, the court found that petitioners lacked standing, as they had not taken Examination No. 0084, and that their interest in that exam was remote at best. The IAS Court also found that it would be improper, under the Civil Service Law, to direct the extension of the 7022 list. Further, the court denied the petitioner's request for an injunction, finding that petitioners failed to make the necessary showing. I agree with the IAS Court and vote to affirm its decision.

In *Matter of McGuinn v City of New York* (219 AD2d 489, *lv dismissed in part and denied in part* 87 NY2d 966), we found that the petition brought by non-New York City residents who had, in fact, taken Examination No. 0084, which challenged the City's implementation of a five-point credit for City residency, had to be dismissed for failure to join necessary parties, namely, those candidates who are New York City residents and who benefitted from the challenged credit. Further, this Court found that the dispute was not yet ripe for determination as an eligible list from Examination No. 0084 had not yet been established (*supra; see also, Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 518, *cert denied* 479 US 985).

In the matter at bar, the petitioners, who did not even take

Examination No. 0084, failed to join necessary parties, the same New York City residents who sat for Examination No. 0084. This oversight is not mitigated by the intervention of the petitioners in the *McGuinn* matter *(supra),* who we also found failed to join necessary parties and who are also non-New York City residents. In addition, as we found in *McGuinn,* since an eligibility list has not yet been promulgated as the result of Examination No. 0084, this matter is not ripe for determination.

In *Matter of Burke v Sugarman* (35 NY2d 39, 42), the Court of Appeals held that: "Petitioners having passed a civil service examination and *having been placed on an eligible list for appointment have standing to seek removal of persons allegedly appointed or designated contrary to law"* (emphasis added).

In the case before us, petitioners did not take Examination No. 0084 and, therefore, do not have standing to challenge appointments from the eligibility list, even if it did exist. As a result, I do not agree with the majority that petitioners have standing to challenge the residency credit concerning Examination No. 0084 and any challenge by petitioners herein must be limited to issues arising out of the 7022 list.

Petitioners maintain that since the Personnel Director stopped appointing candidates from the 7022 list as of March 27, 1995, it is obvious its intention was to favor New York City residents who would be at the top of the next list promulgated. It again must be borne in mind that no eligible list has yet been promulgated from Examination No. 0084. The two letters submitted by petitioners from respondent stating that respondents did not intend to extend the eligibility of candidates beyond the list's stated deadline or make additional appointments from the 7022 list are not enough to indicate a desire to favor City residents and, in view of the foregoing, I would reject those claims as too speculative *(see, Bachety v Kinsella,* 146 AD2d 725; *Matter of Guild of Admin. Officers v County of Suffolk,* 126 AD2d 725, *lv denied* 69 NY2d 609). Respondents assert that the letters merely indicate a desire by the City to favor candidates from a new list over those who are on an older list promulgated approximately five years earlier, which contention appears to be rational.

Petitioners' contention that respondents should be directed to extend the expiration of the 7022 list is also without merit. Civil Service Law § 56 (2) provides, in relevant part: "*[T]he duration of eligible lists established on or before [1996], shall be fixed at not less than one nor more than four years*; provided that * * * in the event that a restriction against the filling of

vacancies exists in any jurisdiction, the state civil service department or municipal commission having jurisdiction shall, in the discretion of the department or commission, extend the duration of any such eligible list *for a period equal to the length of such restriction"* (emphasis added).

In the matter at bar, the 7022 list was scheduled for the maximum statutory duration of four years (May 25, 1990 to May 25, 1994), which was then extended one additional year due to a one-year hiring restriction. There is no provision in the statute which gives respondents, or the court, the authority to extend the life of the list beyond May 25, 1995 (*see, Andriola v Ortiz*, 156 AD2d 241, *appeal dismissed* 75 NY2d 963). The fact that respondents ceased appointing candidates prior to the list's expiration does not, despite petitioners' ominous assertions, mean that they did so for the sole purpose of favoring New York City residents, and other than mere speculation, petitioners are unable to support this claim.

Accordingly, I would affirm the order of the IAS Court.