OPINION OF THE COURT
Levine, J.
Following the administration of a written civil service examination designated as Examination No. 7022, and related physical tests, a list of persons eligible for appointment to the position of firefighter with the New York City Fire Department was promulgated on May 25, 1990 (the 7022 eligible list). As set forth in their petition and supporting papers, petitioners, residents of Suffolk or Nassau Counties, were among the 16,046 candidates on that eligible list. The 7022 eligible list was originally due to expire four years later, on May 25, 1994 (see, Civil Service Law § 56). However, as a result of a period of restriction on the filling of vacancies for the position of firefighter during 1992 and 1993, respondent Director of the New York City Department of Personnel extended the duration of the 7022 list for one year, to May 25, 1995 (see, id.). During the life of the 7022 eligible list, a total of 2,257 firefighters were appointed.
*382 A subsequent examination for firefighter, Examination No. 0084, was administered in the spring of 1992, and, in 1994, respondents announced that for that examination, a five-point residency credit would be added to the scores of qualifying New York City residents. In April 1995, shortly before the 7022 eligible list was to expire, petitioners, who were then among 254 candidates on the 7022 eligible list who had completed all required medical and psychological examinations and background investigations, and were thus ready for appointment, instituted this CPLR article 78 proceeding, accompanied by a motion for a preliminary injunction.
Petitioners asserted three causes of action. The first two were premised on the allegation that respondents were allowing the 7022 eligible list to expire for the purpose of favoring New York City residents who would receive the five-point residency credit on Examination No. 0084. Petitioners attacked the action as violating both statutory limitations on residency requirements for firefighters (see, Public Officers Law § 3 [9]; § 30 [5]) and the constitutional merit and fitness requirement for civil service appointments (NY Const, art V, § 6). The third cause of action challenged the appointment of 0084 candidates prior to the expiration of the 7022 list and the promulgation of a proper 0084 eligible list. The petition’s prayer for relief sought an order (1) directing respondents to extend the 7022 eligible list beyond its imminent expiration date; (2) enjoining respondents from using the five-point residency credit to determine eligibility for the position of firefighter; and (3) enjoining respondents from appointing 0084 candidates until a proper 0084 list, without consideration of the residency credit, was established.
Instead of answering, respondents immediately moved to dismiss the petition. Following written submissions, Supreme Court denied petitioners’ motion for preliminary injunctive relief and granted respondents’ motion to dismiss on the grounds that petitioners lacked standing to challenge the use of a residency credit on the 0084 examination and that their allegations with respect to the expiration of the 7022 eligible list were legally insufficient. Although petitioners had been granted an interim stay prohibiting expiration of the 7022 eligible list pending Supreme Court’s determination of the motions, a subsequent stay pending appeal was denied, and the 7022 eligible list thus duly expired.
On petitioners’ appeal, the Appellate Division, with two Justices dissenting, reversed, holding that petitioners had stand *383 ing under this Court’s decision in Matter of Burke v Sugarman (35 NY2d 39) and that they stated a proper claim for relief by alleging that respondents used unlawful criteria (i.e., New York City residency) in exercising discretion to terminate the 7022 eligible list (229 AD2d 333). That Court granted respondents leave to appeal to this Court, certifying the following question for our review: "Was the decision and order of [the Appellate Division], which reversed the order of the Supreme Court, properly made?” Because we conclude that petitioners have standing only with respect to their challenge to the expiration of the 7022 list, and that with respect to such claim they have failed to allege any legal entitlement to the relief sought, we now reverse and answer the certified question in the negative.
Insofar as petitioners seek to enjoin respondents from using a residency credit when making eligibility and appointment determinations in connection with Examination No. 0084, they lack standing to pursue that relief. Concededly, no residency credit was applied to Examination No. 7022, and petitioners do not allege that they sat for Examination No. 0084. Moreover, petitioners do not allege that, if the residency credit was dropped as a factor in determining the 0084 eligible list, the resultant list would be insufficient to fill all vacancies for appointment as a firefighter, or that respondents could not then lawfully fill all appointments from that list. Thus, they have not alleged any facts establishing that respondents would be compelled to draw from the 7022 list in the event the residency credit was not a factor on the 0084 list. It necessarily follows that the only persons aggrieved by application of the residency credit applied to Examination No. 0084 are non-City residents who took that examination. Put another way, petitioners have not demonstrated that they have "an actual legal stake in the matter being adjudicated” (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772), when the claimed issue at stake is merely favoritism as between resident and nonresident test takers of Examination No. 0084 (see, Axelrod v New York State Teachers’ Retirement Sys., 154 AD2d 827, 828).
Petitioners’ reliance on Matter of Burke v Sugarman (35 NY2d 39, supra) on this standing issue is misplaced. In Burke, the petitioners alleged that illegal appointments were being made from outside an eligible list, or without regard to ranking on a list (see, id., at 42). Thus, the petitioners in Burke, who were on the only eligible list for the appointments at issue, *384 were aggrieved by the illegal appointments to the limited number of vacancies because such appointments diminished their opportunities to be considered (id., at 44). Contrastingly here, since there is no assertion that all of the firefighter vacancies could not lawfully be filled from a No. 0084 eligible list established without a residency credit, the elimination of that credit (which petitioners seek by way of relief) will not enhance their opportunities to be considered for appointment, and thus they are not aggrieved parties on that issue (see, Society of Plastics Indus. v County of Suffolk, supra).
Moreover, as Supreme Court noted, it is unnecessary to extend standing to petitioners here to ensure the availability of judicial review of the allegedly unconstitutional residency credit, inasmuch as the persons whose eligibility and appointment would be potentially directly affected by application of the residency credit — 0084 examinees residing outside New York City — are able to seek judicial review in their own right (cf., Boryszewski v Brydges, 37 NY2d 361), and, in fact, have already done so (see, Matter of McGuinn v City of New York, 219 AD2d 489, Iv dismissed in part and denied in part 87 NY2d 966; McGuinn v City of New York, Sup Ct, NY County, Dec. 3, 1996, Omansky, J., index No. 102517/96 [subsequent proceeding]).
On the other hand, these same principles lead us to conclude that petitioners do have standing to challenge the allegedly improper expiration of their own eligible list. Because petitioners’ interest as eligibles on list 7022 is coextensive with the life of that list, as appointments from an expired list are generally prohibited (see, Hurley v Board of Educ., 270 NY 275, rearg denied 271 NY 618; Matter of Deas v Levitt, 73 NY2d 525, 534, cert denied 493 US 933), an improper exercise of governmental discretion in allowing the list to expire would have a direct and harmful effect on their ability to be considered for appointment.
Although we, thus, recognize that petitioners have standing to challenge the expiration of the 7022 eligible list, we conclude that the first and second causes of action were nonetheless properly dismissed by Supreme Court because the petition and accompanying affidavits fail to state a claim for entitlement to the relief sought. In this aspect of their petition, petitioners seek an order directing respondents to extend the duration of the 7022 list beyond its scheduled expiration date and to use that list for further firefighter appointments, and, hence, the claim is in the nature of mandamus to compel (see, *385 CPLR 7801, 7803 [1]). Concomitantly, the claim may be sustained only if petitioners have a clear legal right to an extension of the 7022 list since mandamus is available only "to compel acts that officials are duty-bound to perform,” even though the actual performance of the acts may involve an exercise of discretion (Klostermann v Cuomo, 61 NY2d 525, 539-540 [emphasis supplied]). Because, on the facts alleged, petitioners cannot demonstrate a clear legal entitlement to the relief sought, dismissal of the first and second causes of action was proper (see, Matter of Harper v Angiolillo, 89 NY2d 761, 768; Matter of Savastano v Prevost, 66 NY2d 47, 50).
First, petitioners have failed to allege any basis upon which the Director would have had the authority to extend the 7022 list beyond the scheduled May 25, 1995 expiration date. Pursuant to Civil Service Law § 56, the Director has discretionary authority to establish the duration of an eligibility list for a period of between one and four years (see, Matter of DiNatale v Levitt, 76 NY2d 548, 550-551). Section 56 permits an extension beyond the four-year maximum only for a period equal to the length of a restriction against the filling of vacancies during the effective period of the list (Civil Service Law § 56, as amended by L 1976, ch 443). As previously noted, it is undisputed that the Director initially set the duration of list 7022 for the maximum four-year period, and then extended its duration an additional year because of a restriction against the filling of firefighter vacancies during the statutory life of the list. While petitioners assert in conclusory fashion that a further extension would have been permissible, they fail to allege any factual basis that would have allowed the Director to extend the list’s duration beyond May 25, 1995. Manifestly, mandamus does not lie to compel an official act for which no legal basis exists.
Second, had petitioners demonstrated that a further extension of the 7022 eligible list was factually permissible, there still would be no clear legal right to the relief sought. It is well settled that Civil Service Law § 56 affords the appropriate civil service commission or personnel director broad discretion in determining, within statutory limits, the duration of an eligible list (Matter of DiNatale v Levitt, 76 NY2d, at 552, supra; Andriola v Ortiz, 156 AD2d 241, appeal dismissed 75 NY2d 963; see also, Mem of Senate and Assembly Sponsors, 1976 NY Legis Ann, at 57 [amendment authorizing extension to account for restrictions on filling vacancies "allows, rather than mandates, the extension of eligible lists”]).
*386 Such administrative discretion in determining the duration of an eligible list is appropriate because "[t]he agency authorized to administer the competitive examination and to establish the eligible list is best positioned to judge the length of the * * * list depending on particular skills and knowledge necessary for the job, the needs of the relevant agency, the number of appointments available, as well as a variety of other factors relevant in deciding the utility of the list as a test of 'merit and fitness’ and its reasonable duration” (Matter of DiNatale v Levitt, supra, 76 NY2d, at 552). Thus, even where the period in which an eligible candidate may be considered for appointment is judicially extended, by creation of a special list to redress errors that rendered the original list defective in derogation of the merit and fitness standards (see, Matter of Mena v D Ambrose, 44 NY2d 428), the length of this equitable extension is to be determined by the appropriate municipal commission or Personnel Director and not the courts (Matter of DiNatale v Levitt, supra, at 552).
The only limit that has been imposed on the Personnel Director or commission’s administrative discretion in fixing the term and any extensions of an eligible list, is that such discretion may not be exercised arbitrarily or in bad faith (see, Matter of Roske v Keyes, 46 AD2d 366, 367-368). This standard of review is appropriate as it "does not constitute an interference with the discretion committed to the [civil service] commission but merely serves to keep that body within the constitutional limits of its jurisdiction” (see, Matter of Acosta v Lang, 13 NY2d 1079, 1081; accord, Matter of Gruner v McNamara, 298 NY 395; see also, Matter of Fink v Finegan, 270 NY 356, 363).
In this case, the sole allegation of arbitrariness or bad faith is petitioners’ wholly conclusory assertion, unsupported by any factual contentions, that in letting the 7022 list expire at the end of its intended effective extension period, the Director was motivated by a desire to allow firefighter appointments to be made from the more recently administered examination whose scoring reflected a New York City residency credit. This allegation is insufficient to overcome "the presumption of regularity and honest motivation which attaches to official acts” (Matter of Roske v Keyes, supra, 46 AD2d, at 368).
Nor would motivation to appoint from a more recent eligible list reflecting a residency credit in and of itself establish arbitrariness or bad faith. Contrary to petitioners’ contention, there is nothing inherently arbitrary in the consideration of residency for civil service positions, nor does such consider *387 ation presumptively violate constitutional merit and fitness principles or the public policy of this State, as evidenced by the fact that residency requirements for civil service appointments are sanctioned in various provisions of our statutory law (see, Civil Service Law § 23 [4], [4-a]; see also, Winkler v Spinnato, 72 NY2d 402, 406 [recognizing State’s long-standing interest in residency requirements for public officers], cert denied 490 US 1005; McCarthy v Philadelphia Civ. Serv. Commn., 424 US 645 [State civil service residency requirement does not violate constitutional right to travel interstate]).
In support of their claim of respondents’ bad-faith motive, petitioners are relegated almost exclusively to reliance upon decisions that can be read as condemning an absolute City residency requirement as inconsistent with Public Officers Law § 3 (9) and § 30 (5), which permit firefighters and certain other New York City employees to reside in nearby counties notwithstanding the existence of other applicable statutory or regulatory local residency requirements (see, Matter of Maye v Lindsay, 33 NY2d 552, revg on opn at Special Term 41 AD2d 127, which revd 69 Misc 2d 276, and cert denied 414 US 1069; Uniformed Firefighters Assn. v City of New York, 50 NY2d 85 [City may not enact local residency requirements inconsistent with Public Officers Law §§ 3, 30]). Whether the five-point residency credit violates these statutory provisions is an open question, and currently the subject of the McGuinn (supra) suit by non-New York City residents who sat for Examination No. 0084. As reflected in their moving papers here and the initial decisions in that case, respondents are defending their actions in good faith, on the ground that merely giving a residency credit is distinguishable from the imposition of an outright residency requirement for City firefighters, as was presented at least in part in the precedents cited by petitioners. Whatever the ultimate outcome of the McGuinn litigation may be, in its present posture a challenge to the expiration of list 7022 premised on respondents’ consideration and use of the residency credit for the more recent Examination No. 0084 does not rise to the level of demonstrable arbitrariness or bad faith, and therefore does not establish a claim of clear legal right to the relief sought, as is required for mandamus to lie. We thus conclude that Supreme Court’s dismissal of the first and second causes of action was proper.
Finally, petitioners’ third cause of action, premised on the allegation that respondents intended to appoint 0084 candidates prior to the expiration of the 7022 eligible list in *388 violation of the Civil Service Law, was likewise properly dismissed. At the time this proceeding was commenced, no such appointments had yet been made and their claim consisted of a wholly speculative assertion of anticipated illegal action, without any factual basis (see, Bachety v Kinsella, 146 AD2d 725, 726 [article 78 proceeding properly dismissed as premature where petition alleged only purely speculative anticipated action]). Moreover, such claim became moot when the 7022 list subsequently expired without any intervening 0084 appointments.
For all of the foregoing reasons, the order appealed from should be reversed, with costs, the order of Supreme Court dismissing the petition reinstated, and the certified question answered in the negative.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
Order reversed, etc.