OPINION OF THE COURT
George B. Ceresia, Jr., J.
*569 On September 27, 1997, petitioner was arrested by the Hoosick Falls Village Police and charged with, inter alia, driving while intoxicated in violation of Vehicle and Traffic Law §§ 1192 and 1193. On the same day petitioner appeared before respondent Restino for purposes of arraignment. Petitioner indicates that because one of the charges is “common-law” driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), it is the intention of petitioner to call respondent Restino as a witness on petitioner’s behalf with regard to respondent Restino’s observations of petitioner at the time of petitioner’s arraignment. Petitioner caused respondent Restino to be served with a judicial subpoena on January 21, 1998. Since that time, there have, according to the petition, been a number of adjournments of the criminal case, as well as an exchange of letters between petitioner’s counsel and respondent Restino. On December 9, 1998, respondent Restino advised petitioner’s attorney that he would not comply with the judicial subpoena served on February 28, 1998. It is the court’s understanding that Judge Restino quashed the subpoena. Petitioner argues that respondent Restino is required to comply with the subpoena and is disqualified from presiding over the criminal trial under Canon 2 of the Code of Judicial Conduct and Judiciary Law § 14. Petitioner requests judgment in the instant proceeding compelling respondent Restino to comply with the subpoena.
Respondent Restino appears and opposes the petition and requests leave pursuant to CPLR 7804 (i) to seek representation from the Attorney General.
The instant CPLR article 78 proceeding is, in the court’s view, in the nature of mandamus to compel, inasmuch as it requests an order directing respondent Restino to perform a specific act. The court is mindful that mandamus is an extraordinary remedy, available, as against an administrative officer, only to compel the performance of a duty enjoined by law (see, Klostermann v Cuomo, 61 NY2d 525, 539, 540). It is only appropriate where the right to relief is “clear” and the duty sought to be enjoined is performance of an act commanded to be performed by law, purely ministerial and involving no exercise of discretion (Matter of Hamptons Hosp. & Med. Ctr. v Moore, 52 NY2d 88, 96 [1981]; Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16). “ ‘The general principle [is] that mandamus will lie against an administrative officer only to compel him [or her] to perform a legal duty, and not to direct how he [or she] shall perform that duty’ ” (Klostermann v *570 Cuomo, supra, at 540, quoting People ex rel. Schau v McWilliams, 185 NY 92, 100).
In this instance, in requesting an order directing respondent to obey petitioner’s subpoena, petitioner does not seek to compel respondent to perform any act which is a part of his official duties as Town Justice. Rather, he seeks to force respondent to do what any individual served with a subpoena would ordinarily be required to do in appropriate circumstances, that is, appear and testify. The court is of the view that CPLR article 78 relief in the nature of mandamus to compel does not lie in the instant situation inasmuch as the petition does not seek an order directing the performance of a duty enjoined by law upon respondent Restino in his official capacity as Town Justice. Inasmuch as “mandamus is available only ‘to compel acts that officials are duty-bound to perform’ ” (Matter of Altamore v Barrios-Paoli, 90 NY2d 378, 385, citing Klostermann v Cuomo, supra; emphasis supplied), the court must conclude that the petition fails to state a cause of action upon which relief may be granted.[1]
. As previously noted, a great deal of the discussion in the instant special proceeding was devoted to the issue of whether Town Justice Restino should disqualify himself in the underlying criminal proceeding.[2] The court finds that this issue was not properly raised in the petition and, accordingly, that the issue need not be addressed.
Lastly, the court notes that the official act of respondent Restino in quashing the subject subpoena is a matter subject to challenge by way of appeal.
In view of the foregoing, it is ordered and adjudged that the petition be and hereby is dismissed.

. Although neither respondent served a verified answer to the petition as required under CPLR 7804 (d), petitioner did not raise an objection with respect to sufficiency of respondents’ papers. Each respondent has made varying arguments with regard to why the court should not grant the relief requested in the petition.

. In a supporting affidavit, petitioner argues that he is entitled to an order of prohibition preventing Town Justice Restino from presiding over the criminal proceeding. The court need not reach a determination of this issue inasmuch as this form of CPLR article 78 relief was not requested in the petition.