■ In the Matter of NEW YORK STATE SUPREME COURT OFFICERS ASSOCIATION, Respondent, v JONATHAN LIPPMAN, as Chief Administrative Judge of the State of New York, et al., Appellants. [801 NYS2d 399]—

In a proceeding pursuant to CPLR article 78, inter alia, in effect, to compel the appellants to conduct a new civil service test for the new JG-19 title, Jonathan Lippman, as Chief Administra-

tive Judge of the State of New York, and the State of New York Unified Court System appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered May 21, 2004, as, upon renewal of a judgment of the same court dated February 9, 2004, directed them to prepare, advertise, and conduct a new test for the new JG-19 title, which shall be made available to all those individuals who were eligible to take a June 16, 2001, test for a proposed JG-20 title but elected not to take that test.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, so much of the judgment dated February 9, 2004 as directed the appellants to prepare, advertise, and conduct a new test for the JG-17 and JG-19 titles is vacated, the petition is denied in its entirety, and the proceeding is dismissed in its entirety; and it is further,

Ordered that the judgment dated February 9, 2004, is modified accordingly.

In a judgment dated February 9, 2004, from which no appeal was taken, the Supreme Court held that the appellants' determination pursuant to 22 NYCRR 25.19 (c) (2) to fill vacancies in the JG-17 and JG-19 titles from persons who took the civil service examination for the proposed JG-20 title was not arbitrary and capricious. The petitioner did not establish a clear legal right to a new civil service test for the new JG-19 title (*see Matter of Altamore v Barrios-Paoli*, 90 NY2d 378, 385 [1997]). Florio, J.P., Schmidt, Crane and Lifson, JJ., concur.