**Sparta Commercial Servs. Inc v ITMM Consulting LLC**

2026 NY Slip Op 30946(U)

March 10, 2026

Supreme Court, New York County

Docket Number: Index No. 650451/2026

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                PART            11M

*Justice*

------------------------------------------------------------------------------X

SPARTA COMMERCIAL SERVICES INC,

Plaintiff,

- v -

ITMM CONSULTING LLC,TODD MCKNIGHT

Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650451/2026 |
| MOTION DATE | 02/04/2026 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

were read on this motion to/for          INJUNCTION/RESTRAINING ORDER          .

Upon the foregoing documents, the order to show cause is denied.

**Background**

Plaintiff is a Nevada corporation who in August of 2025 entered into a consulting services agreement with Florida corporation ITMM Consulting LLC. The Agreement was executed by Todd McKnight (a Florida resident) as the CEO of ITMM. As part of the Agreement, shares of Sparta stock were issued with restrictive legends. Plaintiff alleges that ITMM has failed to date to perform fully under the Agreement. In November, Plaintiff sent a demand letter seeking a return of a cash payment and a renunciation of the Sparta shares being held by the transfer agent. ITMM declined to follow the demand letter. This proceeding was instituted in response, in which Plaintiff pleads claims for breach of contract, breach of good faith and fair dealing, and injunctive relief. Plaintiff also seeks to pierce the corporate veil and hold Mr. McKnight personally liable.

In the present motion, Plaintiff moves by order to show cause for a preliminary injunction, seeking to enjoin the transfer agent from removing the restrictive legend from the

[* 1]

Sparta shares in question. Defendants were served via overnight mail on February 18, 2026. They have not answered or appeared in this case to date.

**Standard of Review**

The granting of a preliminary injunction lies in the court's discretion and it is "an extraordinary provisional remedy which will only issue where the proponent demonstrates (1) a likelihood of success on the merits; (2) irreparable injury absent a preliminary injunction, and (3) a balance of equities tipping in its favor." *Harris v. Patients Med., P.C.*, 169 A.D.3d 433, 434 [1st Dept. 2019].

**Discussion**

Plaintiff moves for a preliminary injunction preventing the transfer agent from removing the restrictive legend from the Sparta shares in question. They also make reference in the memorandum of law to an order setting aside the arbitration clause in the Agreement and directing the New York Commercial Division to take this case. Addressing this last request at the outset, such an order is clearly outside the purview of this Court. Plaintiff may apply to the Commercial Division in the standard fashion. Turning to the matter of the request for declaratory relief that was not contained in the order to show cause, the issue of the arbitration provision ties into the reasons why the motion must be denied and will be addressed below.

A preliminary injunction is a "drastic remedy that should not be granted unless a clear legal right thereto is shown." *McGuinn v. City of New York*, 219 A.D.2d 489, 489 [1st Dept. 1995]. As stated above, in order to succeed on a request for a preliminary injunction, the movant must establish a likelihood of success on the merits. Plaintiff argues that by pleading the required elements of a claim for breach of contract, they have established such a likelihood. But the

650451/2026   SPARTA COMMERCIAL SERVICES INC vs. ITMM CONSULTING LLC ET AL          Page 2 of 4
Motion No.  001

2 of 4

standard is actually a "prima facie showing of a reasonable probability of success." *Barbes Rest. Inc. v. ASRR Suzer 218, LLC*, 140 A.D.3d 430, 431 [1st Dept. 2016].

There are several reasons why Plaintiff has not made an adequate showing of a likelihood of success. For example, they have not pled any facts supporting a piercing of the corporate veil, nor have they pled facts going to breach other than vague statements that ITMM was unresponsive. But the most important reason why Plaintiff has not shown a probability of success is the arbitration clause that they request in the memorandum of law (but not the order to show cause) to be voided, presumably by declaratory relief. The Agreement between the parties contains a clause clearly stating that any disputes arising out of "or in any manner related to this Agreement or the relation of the parties hereunder" is to be subject to binding arbitration in the state of Florida, whose laws also govern the Agreement.

Plaintiff argues that because they did not notice the arbitration provision in the Agreement, it is not binding. They also advance a few conclusory statements that the provision is one of adhesion. Neither argument succeeds, under either New York or Florida law, in overruling the valid arbitration provision in the contract that Plaintiff seeks to enforce. In Florida, the general rule is that "[c]ourts are not authorized to rewrite contracts." *Nat'l Gypsum Co. v. Travelers Indemn. Co.*, 417 So. 2d 254, 256 [Fla. 1982]. Furthermore, parties are bound by contracts including the arbitration clauses contained within them even if "a party is physically unable to read the agreement, or simply chooses not to read the agreement." *Kendall Imps., LLC v. Diaz*, 215 So. 3d 95, 101 [Fla. Dist. Ct. App 2017]. Plaintiff has pled no facts that would support a finding that the arbitration provision or the Agreement was unconscionable or otherwise unenforceable.

650451/2026   SPARTA COMMERCIAL SERVICES INC vs. ITMM CONSULTING LLC ET AL          Page 3 of 4
Motion No.  001

3 of 4

Nor does New York law avail Plaintiff. The Court of Appeals has held that a party "may not pick and choose which provisions suit its purposes, disclaiming part of a contract while alleging breach of the rest." *God's Battalion of Prayer Pentecostal Church, Inc. v. Miele Assoc., LLP*, 6 N.Y.3d 371, 374 [2006]. The First Department has further noted that a "party trying to avoid an arbitration clause must therefore show that the arbitration clause itself, not the overall agreement, was procured through fraud or is otherwise unenforceable." *Mouli v. Stern*, 236 A.D.3d 599, 601 [1st Dept. 2025]. While the Agreement at issue here suffers from some formatting issues and the header for the arbitration clause is not bolded or numbered as the other headings, the arbitration provision is lengthy and can in no way be said to be hidden or somehow fraudulently placed. Because Plaintiff has not made a showing of likelihood of success, because they have not made a showing that New York is an appropriate venue for disputes over this Agreement, the preliminary injunction cannot be granted. Accordingly, it is hereby

ADJUDGED that the motion is denied.

20260310144832LFRANK944F7721C08E40898A9268F6C847D274

**3/10/2026**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |