Matter of Iglhaut v City of New York (2026 NY Slip Op 01597)

Matter of Iglhaut v City of New York

2026 NY Slip Op 01597

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Moulton, J.P., Friedman, Gesmer, O'Neill Levy, Chan, JJ. 

Index No. 815904/23|Appeal No. 6151|Case No. 2025-02861|

[*1]In the Matter of Ryan Iglhaut, Petitioner-Appellant,
vCity of New York and New York City Health + Hospitals, et al., Respondents-Respondents.

The Law Offices of Richard J. Washington PC, New York (Richard J. Washington of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Shane Magnetti of counsel), for resoondents.

Judgment (denominated an order), Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about January 31, 2025, denying the petition for, among other things, a writ of mandamus compelling respondent New York City Health and Hospitals Corp. to appoint petitioner to the position of Senior Stationary Engineer, granting respondent's motion to dismiss, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The court providently granted respondent's motion and dismissed the proceeding on the ground that petitioner failed to join necessary parties under CPLR 1001 (see Matter of McGuinn v City of New York, 219 AD2d 489, 490 [1st Dept 1995], lv dismissed and denied 87 NY2d 966 [1996]; Matter of Samuel v Ortiz, 105 AD2d 624, 626 [1st Dept 1984]). Petitioner does not dispute that the applicants who passed the Senior Stationary Engineer (SSE) exam and were promoted to the position of SSE would be "inequitably affected by a judgment" holding that the exam's content or administration was unconstitutional or in violation of law (CPLR 1001[a]; see e.g. Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d 543, 550-551 [2012]). Yet, besides one applicant, petitioner did not identify any of these other necessary parties to this proceeding, rendering it impossible to bring the parties before the court (see CPLR 1001[b]). Thus, the court's dismissal of this action was proper(see Adler v Office of Ct. Admin. of the Unified Ct. Sys. of State of N.Y., 35 AD3d 260, 260 [1st Dept 2006]; McGuinn, 219 AD2d at 490; see also CPLR 1003). Moreover, contrary to petitioner's contention, the court was not required to evaluate the five factors under CPLR 1001(b) because petitioner does not argue that the court did not have jurisdiction over the applicants who passed the SSE exam (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725 [2008]; see also Matter of Bronx Coalition Against Upzoning, Inc. v New York City Dept. of City Planning, 233 AD3d 432, 432-433 [1st Dept 2024]).
Additionally, petitioner has not shown that the administration of the SSE exam or the exam itself violated the merit and fitness clause of the New York State Constitution (see NY Const, art V, § 6), or that it was arbitrary, capricious, or violated due process (see Matter of Social Servs. Empls. Union Local 371 v City of New York, 177 AD3d 405, 406 [1st Dept 2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026