■ CAPITOL LIGHTING PRODUCTS CORP., Appellant, v JERRY CAMHY et al., Respondents. (Action No. 1.) CAPITOL LIGHTING PRODUCTS CORP., Appellant, v METROPOLITAN LIGHTING et al., Respondents. (Action No. 2.) — In actions, *inter alia,* for permanent injunctive relief, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), dated February 8, 1982, as denied the branch of its motion which was for a special trial preference. Order reversed, insofar as appealed from, with $50 costs and disbursements, so much of the order as denied the branch of plaintiff's motion which sought a special trial preference is vacated, and the said branch of the motion is granted. Under the circumstances of this case, where the plaintiff's motion for a preliminary injunction was denied, a special trial preference should have been granted. Bracken, J. P., Brown, Niehoff and Rubin, JJ., concur.

■ HOWARD CHU et al., Respondents, v CHICAGO TITLE INSURANCE COMPANY, Appellant. — In an action to recover damages predicated on theories of negligence and breach of contract, defendant appeals from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated September 24, 1981, as denied its motion for summary judgment dismissing the complaint. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, and motion for summary judgment dismissing the complaint granted. The terms of the contract sued upon specifically and unambiguously disclaim responsibility for the certificate of occupancy violation that underlies the instant action, and the contract further provides: "11. Policy Entire Contract. All actions or proceedings against this company must be based on the provisions of this policy. Any other action or actions or rights of action that the insured may have or may bring against this company in respect of other services rendered in connection with the issuance of this policy, shall be deemed to have merged in and be restricted to its terms and conditions." Accordingly, the complaint which alleges a cause of action sounding in negligence as well as breach of contract, is inadequate as a matter of law (see *Smirlock Realty Corp. v Title Guar. Co.*, 70 AD2d 455, mod 52 NY2d 179). We further note that the affidavits submitted by plaintiffs fail to adequately allege that they entered into a special agreement with defendant to ascertain that the structure in issue was in conformity with the certificate of occupancy. O'Connor, J. P., Thompson, Niehoff and Rubin, JJ., concur