(January 27, 1989)

■ SONDRA BACHETY, Appellant, v JULIETTE KINSELLA et al., Respondents, and COUNTY OF SUFFOLK et al., Respondents-Appellants.—In a consolidated CPLR article 78 proceeding and declaratory judgment action, Legislators Bachety, Englebright, Levy, Nolan, Schaeffer, Postal, Prospect, Gaughran and the County of Suffolk separately appeal, as limited by their

respective briefs, from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), dated January 23, 1989, as dismissed the action and proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The CPLR article 78 proceeding was properly dismissed since there is no allegation that up to this point an officer or body has failed to perform a duty enjoined upon it by law nor did any body or officer proceed in excess of jurisdiction *(see,* CPLR 7803). Any claims which anticipate such actions in the future are purely speculative.

The issue of whether an action for a declaratory judgment lies at the present time is different; however, here too we agree with the Supreme Court that any such judgment would presently be premature *(see,* CPLR 3001; *New York Pub. Interest Research Group v Carey,* 42 NY2d 527). The existence of a controversy is contingent upon the happening of a future event " 'which may never occur' " *(Cuomo v Long Is. Light. Co.,* 71 NY2d 349, 354; *see also, New York Pub. Interest Research Group v Carey, supra,* at 531). Under such circumstances, "any determination the court may make would be merely advisory since it can have no immediate effect and may never resolve anything (Borchard, Declaratory Judgments, pp 58-60)" *(New York Pub. Interest Research Group v Carey, supra,* at 531; *see also, Cuomo v Long Is. Light. Co., supra,* at 354-355).

Therefore, the Supreme Court properly dismissed the action and proceeding. Mollen, P. J., Eiber, Sullivan and Harwood, JJ., concur.