■ SUSAN CHARNEY, Respondent, v NORTH JERSEY TRADING CORP., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Stanley S. Ostrau, J.), entered April 19, 1990, which granted plaintiff's motion for vacatur of a judgment which had dismissed the complaint, and order of the same court (Jacqueline W. Silbermann, J.), entered on or about May 24, 1990, which on reargument denied an earlier motion by the corporate defendant to dismiss the complaint and vacate a *lis pendens,* unanimously affirmed, without costs.

In this declaratory judgment action to settle a dispute over ownership of certain shares in a closely held corporation, the question is whether the corporate defendant, a necessary party, should be precluded by its purely nominal standing from asserting the substantive defense of statute of limitations.

A motion to dismiss on such ground was initially denied, then granted on reargument, then denied again on subsequent reargument, with the court never reaching the substantive issue.

We find no persuasive precedent for denying a necessary party the right to raise such an affirmative defense. While it would have been preferable for plaintiff to have provided her evidence in the form of an affidavit on the merits, we find the record sufficiently indicative of an acknowledgement of her claim throughout the period of limitation, even to the very threshold of commencement of this action. We reject the inflexible approach that the cause of action for a declaratory judgment accrues at the moment one party learns that the claimed ownership of her stock certificates might be in dispute *(cf., Vanderbilt v Vanderbilt,* 28 AD2d 861). What occurred in 1982 appears to have been a momentary family squabble over plaintiff's right to her inheritance, amid the news that her widowed father (defendant Fried) was about to remarry. Even where a justiciable controversy may already be in existence, the limitation period on commencement of a declaratory judgment action should not begin until the right to bring an action for coercive relief accrues (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.19). As those commentators have elsewhere indicated (Weinstein-Korn-Miller, CPLR Manual § 19.02 [d]), "[I]n most cases in which declaratory judgment is sought there has been no injury which gave rise to a claim for coercive relief; rather, the parties are in disagreement about their

respective legal rights. To hold that the existence of disagreement triggers the statute of limitations would be unwise because it would encourage litigation which could prove unnecessary with the passage of time."

Plaintiff acted with reasonable promptness after it became clear that a legal dispute had crystalized and judicial resolution would be required (see, Sorrentino v Mierzwa, 25 NY2d 59). Although it would have been better practice for plaintiff to have detailed this to the court at an earlier date, we believe it should nonetheless have been clear to the court, even on the earlier motions, that the dispute in 1982 had not matured into a justiciable controversy. Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.