■ In the Matter of METROPOLITAN ASSOCIATES LIMITED

PARTNERSHIP, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [614 NYS2d 502] —Judgment, Supreme Court, Bronx County (Hansel McGee, J.), entered November 8, 1993, which denied the petition (1) to enjoin respondent from enforcing the provision of an order of its Deputy Commissioner dated March 20, 1992 to the extent it (a) disallowed rent increases that were previously granted by the District Rent Administrator by order dated June 8, 1989, and (b) directed petitioner to refund or credit to the tenants of rent controlled and rent stabilized apartments in the subject premises any rent increases collected pursuant to said order, (2) to annul and revoke the order of the Deputy Commissioner, and (3) to direct respondent to issue a new order reinstating the order of the District Rent Administrator, unanimously modified, on the law to the extent of allowing a 50% Major Capital Improvement ("MCI") increase for windows to the Tavon apartment, and otherwise affirmed, without costs.

The interpretations of respondent agency of statutes which it administers are entitled to deference if not unreasonable or irrational (Matter of Salvati v Eimicke, 72 NY2d 784, 791). Here, the Deputy Commissioner rationally disallowed that portion of the MCI increases to petitioner, the sponsor/holder of unsold shares in the cooperative complex, which were paid from a fund established for and owned by the cooperative corporation which the Deputy Commissioner properly concluded was the functional equivalent of a reserve fund (see, Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal, 76 NY2d 325). Petitioner, as the party seeking the rent increases, had the burden of proving the MCI expenditures (see, 9 NYCRR 2522.4 [a] [3] [i] [c]). Respondent weighed the inconsistent figures and reached a rational conclusion in reducing the allowed cost of the new boiler/burner, a conclusion which should not now be rejected (see, Matter of Stork Rest. v Boland, 282 NY 256). Further, the determination that the MCI disallowance was applicable to tenant Adolph was not inconsistent with or a reversal of the prior denial of the Adolph petition for administrative review since the Deputy Commissioner had expressly reserved the authority to apply to Adolph the determination in the complex-wide proceeding.

However, because petitioner had claimed that the replacement of windows throughout the buildings was for energy conservation purposes, respondent erred in denying petitioner

a 50% MCI increase for replacing the windows in the Tavon apartment, even though those windows were only a few years old *(see,* Operational Bulletin 84-4). Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.