■ STATE OF NEW YORK, by DENNIS VACCO, as Attorney-General of the State of New York, Respondent, v ASTRO SHUTTLE ARCADES, INC., et al., Appellants. [633 NYS2d 304] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 24, 1994, directing entry of a money judgment against respondents in the amount of $743,230.05, plus interest, unanimously affirmed, without costs.

There is no merit to respondents' contention that petitioner Attorney-General should not have been permitted to enter a money judgment some six years after entry of the judgment holding respondents liable for restitution to its defrauded customers. The doctrine of laches does not apply to the State when it acts in a governmental, as opposed to private or proprietary, capacity to enforce a public right or protect a public interest (*see, Matter of Carney v Newburgh Park Motors*, 84 AD2d 599). Clearly, the Attorney-General acts in that capacity when he invokes his authority under Executive Law § 63 (12) to enjoin repeated fraudulent acts in the carrying on of business and seeks restitution and damages therefor. In any event, respondents do not show lack of diligence by the Attorney-

General in assessing the amount of restitution and they are responsible for much of the delay. Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.