■ In the Matter of KENTON ASSOCIATES, LTD., Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [639 NYS2d 16]

It is well established that the very limited standard which governs judicial review by mandamus of an administrative determination pursuant to CPLR article 78 is whether the determination was arbitrary and capricious, and that a reviewing court is therefore restricted to an assessment of whether the action in question was taken "without sound basis in reason and * * * without regard to the facts" (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 231; *see also*, *New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 203, n 2; *Matter of Heintz v Brown*, 80 NY2d 998, 1001; *Matter of Forest Hills*

*Tenants Assn. v Joy*, 59 NY2d 1007, 1009). Moreover, in order to maintain the limited nature of this review, it is incumbent upon the court to defer to the agency's construction of the statutes and regulations that it administers as long as that construction is not irrational or unreasonable (*Matter of Metropolitan Assocs. Ltd. Partnership v New York State Div. of Hous. & Community Renewal*, 206 AD2d 251, 252, citing *Matter of Salvati v Eimicke*, 72 NY2d 784, 791).

Upon such review in this matter, we find that respondent Division of Housing and Community Renewal's revocation of the maximum base rent increase was not arbitrary and capricious, in light of petitioner's failure to pay the fees required by respondent's regulations despite having received a delinquency notice five months earlier (*see*, 9 NYCRR 2200.17). Petitioner's proffered excuse, that it relied on a third party to pay the fees on its behalf, is inadequate, since the responsibility for payment of the fees rests solely with the landlord (9 NYCRR 2200.17 [a]).

Petitioner's reliance on the equitable doctrines of laches and estoppel is also misplaced, as such doctrines cannot be invoked against a government agency to prevent it from discharging its statutory duties (*see*, *Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126; *State of New York v Astro Shuttle Arcades*, 221 AD2d 198).

Respondent's Policy Statement 92-1, which permits penalties for non-payment of administrative fees to be lifted if payment is made belatedly, does not require a different result. By its own terms, the Policy Statement is applicable only to apartments which are either rent stabilized or under the jurisdiction of the Emergency Tenant Protection Act, not to the rent controlled apartments at issue here. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.