■ EMPLOYERS' FIRE INSURANCE COMPANY, Respondent, v GARY KLEMONS et al., Appellants. [645 NYS2d 849] —In an action for a judgment declaring that in the event the defendants sued to recover under a policy of insurance, their action would be time-barred, and that the plaintiff insurance carrier was not liable because the defendants violated certain provisions of the policy, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Schmidt, J.), entered July 10, 1995, as granted that branch of the plaintiff's motion which was for summary judgment declaring that in the event the defendants sued to recover on their claim under the policy, their action would be time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the plaintiff's motion which was for summary judgment declaring that in the event the defendants sued to recover on their claim under the policy, their action would be time-barred, is denied, and the complaint and any counterclaims for declaratory relief are dismissed.

The defendants obtained insurance from the plaintiff for a boat. In August 1993 the boat was allegedly stolen and the defendants made a claim under the policy. After an investigation, the defendants demanded that the plaintiff reveal its intentions as to the policy. The plaintiff responded by commencing the instant action for a judgment declaring that if the defendants sued to recover on the claim, their action would be time-barred pursuant to a one-year period of limitations set forth in the policy, and that it was not liable because the defendants violated certain provisions of the policy. The defendants counterclaimed for a judgment declaring that they complied with those policy provisions and to recover punitive damages for "malicious and intentional acts". In the order appealed from, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment (1) declaring that in the event the defendants sued to recover on their claim under the policy, the action would be time-barred, and

(2) dismissing the counterclaim for punitive damages for failure to state a cause of action. The propriety of the dismissal of the counterclaim for punitive damages is not an issue on appeal.

It is well settled that the " 'courts will not entertain a declaratory judgment action when any decree that the court might issue will become effective only upon the occurrence of a future event that may or may not come to pass' " (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531, quoting 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.09b). Under the "constitutional command defining the proper rule of the courts under a common-law system", it is inappropriate for courts to issue advisory opinions where there is no justiciable controversy (*New York Pub. Interest Research Group v Carey, supra*, at 529-530). If a decision rendered by the court "might ultimately prove to have no effect on the substantial rights of either party" the complaint should be dismissed (*B'Nai Jacob v Park Slope Jewish Ctr.*, 199 AD2d 296, 297).

The fact that an action is time-barred is an affirmative defense which may be waived if it is not asserted in a *responsive* pleading (*see, Hickey v Hutton*, 182 AD2d 801). Before an action is even commenced, any declaration as to the applicability of a period of limitations is purely advisory, " 'since it can have no immediate effect and may never resolve anything' " (*Bachety v Kinsella*, 146 AD2d 725, 726). Further, at the time the action was commenced, all that was pending was an insurance claim by the defendants against a policy issued by the plaintiff, which the plaintiff had neither allowed nor denied. Hence, there was no justiciable controversy to justify commencement of a declaratory judgment action (*see, Charney v North Jersey Trading Corp.*, 172 AD2d 390).

Under these circumstances, the parties' causes of action for declaratory relief must be dismissed. O'Brien, J. P., Goldstein, Florio and McGinity, JJ., concur.