■ ERNEST CARLISLE et al., Appellants, v MARILYN SPATOLA et al., Respondents. [648 NYS2d 466] —In an action for a judgment declaring the rights of the parties with respect to a certain restrictive covenant on the use of real property, and whether a proposed condominium development violates that restrictive covenant, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 29, 1994, as denied their motion for partial summary judgment with respect to the first cause of action, granted that branch of the defendants' motion which was to dismiss that cause of action, declared that their development plan was in direct violation of the restrictive covenant, and declared that the restrictive covenant "must be construed to prohibit the plaintiffs from erecting condominiums".

Ordered that the order is modified, by deleting the provision thereof which declared that the subject restrictive covenant must be construed to prohibit plaintiffs from erecting condominiums; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.

This declaratory judgment action arises out of a dispute between the parties who are landowners from common grantors. The predecessors in interest of the parties entered into a restrictive covenant which limited development on each lot or portion, to, inter alia, one dwelling house. We agree that the restrictive covenant became effective against the plaintiffs

prior to their purchase of the parcel they now seek to develop, and the Supreme Court correctly declared that the plaintiffs' development plan is in clear violation of its terms. However, the court erred when it further declared that the restrictive covenant barred the construction of "condominiums" in general. It is inappropriate for the courts to issue advisory opinions where there is no justiciable controversy (*see, New York Pub. Interest Research Group v Carey,* 42 NY2d 527, 529-530; *Employers' Fire Ins. Co. v Klemons,* 229 AD2d 513), such as where the determination of the court will become effective only upon the occurrence of a future event which may or may not come to pass (*see, Employers' Fire Ins. Co. v Klemons, supra*). The sole justiciable controversy presented by the plaintiffs' first cause of action was the applicability of the restrictive covenant to their present development plan. The additional declaration with respect to the applicability of the restrictive covenant to condominiums in general constituted an advisory opinion which can have an effect only in the event that another development plan involving condominium ownership is proposed, which event may or may not come to pass.

The plaintiffs' remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.