■ RICHARD LOGAN et al., Respondents, v VIRGINIA BARRETTO et al., Defendants, and FIDELITY TITLE LTD. et al., Appellants. [675 NYS2d 102] —In an action, inter alia, to recover damages for breach of contract, the defendants Fidelity Title Ltd., TRW Title Insurance of New York, Inc., and Fidelity National Title Insurance Company appeal from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered April 28, 1997, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On October 16, 1992, the plaintiffs purchased a single-family residence in the City of Rye. Over three years later, the plaintiffs learned that prior to their purchase, the Westchester County Department of Health had issued two notices of noncompliance to the seller, stating that sewage was being discharged onto the surface of the property in violation of the County Sanitary Code. The plaintiffs subsequently commenced this action against several parties, including the defendant title companies, Fidelity Title Ltd., TRW Title Insurance of New York, Inc., and Fidelity National Title Insurance Company (hereinafter the appellants), on the ground that they allegedly breached their contractual obligations by failing to disclose the existence of the Sanitary Code violations in the title report. The appellants thereafter moved for summary judgment, contending that they could not be held liable for damages arising from the Sanitary Code violations because the title insurance policy did not provide such coverage. The Supreme Court denied the appellants' motion for summary judgment, and we reverse.

A policy of title insurance protects a property owner "against loss by reason of defective titles and encumbrances and insur[es] the correctness of searches for all instruments, liens or charges affecting the title to such property" (Insurance Law § 1113 [a] [18]; see also, Insurance Law § 6401 [b]; Smirlock Realty Corp. v Title Guar. Co., 52 NY2d 179). " '[T]he liability of the title insurer to its insured is essentially based on contract law [and] is governed and limited by agreements, terms, condi-

tions and provisions contained in the title insurance policy' " (*Citibank v Commonwealth Land Tit. Ins. Co.*, 228 AD2d 635, quoting 5A Warren's Weed, New York Real Property, Title Insurance, § 1.03 [6], at 15 [4th ed]). Here, the appellants' standard title insurance policy afforded the plaintiffs coverage for loss occasioned by a defect in title, including liens or encumbrances on the title, or unmarketability of the title. Contrary to the plaintiffs' contention, the notices of non-compliance issued by the County Department of Health are not encumbrances on the title, and do not render title unmarketable. "[M]arketability of title is concerned with impairments on title to a property, i.e., the right to unencumbered ownership and possession, not with legal public regulation of the use of the property" (*Voorheesville Rod & Gun Club v Thompkins Co.*, 82 NY2d 564, 571). Since the Sanitary Code provisions regulate the manner in which the property can be used and do not impair title, the damages claimed by the plaintiffs do not fall within the scope of the title insurance policy. Accordingly, the appellants are entitled to summary judgment dismissing the complaint insofar as asserted against them. O'Brien, J. P., Sullivan, Pizzuto and Joy, JJ., concur.