OPINION OF THE COURT
Per Curiam.
Order entered June 3, 1998, insofar as appealed from, re *308 versed, with $10 costs, and defendant’s motion for summary judgment dismissing the complaint is granted.
Plaintiffs sellers commenced this breach of contract action to recover the cost of removing an illegal deck/extension to their premises under a title insurance policy issued by defendant. The deck/extension purportedly violated the certificate of occupancy and/or zoning regulation which resulted in a prospective buyer’s cancellation of a contract of sale for the premises. Plaintiffs claim that defendant title company failed to disclose the existence of such violations in the title report. Civil Court denied both plaintiffs’ and defendant’s motions for summary judgment, finding triable issues as to whether plaintiffs’ claims fell within a governmental regulation policy exclusion. Defendant title company appeals.
The issue presented by the parties in this case is “strictly a legal one, relating to the appropriate construction of an insurance policy and whether coverage is afforded under facts which are not in dispute” (Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 32, affd 49 NY2d 924). In the absence of an ambiguity giving rise to mixed questions of law and fact, it is the court’s obligation to determine the rights or obligations of parties under insurance contracts based on the specific language of the policies (see, State of New York v Home Indem. Co., 66 NY2d 669, 671).
The policy here at issue unambiguously excluded from its coverage terms any loss from: “[a]ny laws, regulations or ordinances (including, but not limited to zoning, building, and environmental protection) as to the use, occupancy, subdivision or improvement of the premises, adopted or imposed by any governmental body, or the effect of any non-compliance with, or any violation thereof’.
The violation of a zoning regulation is not an encumbrance on the title and does not render title unmarketable. “Marketability of title is concerned with impairments on title to a property, i.e., the right to unencumbered ownership and possession, not with legal public regulation of the use of the property” (Voorheesville Rod & Gun Club v Tompkins Co., 82 NY2d 564, 571). Since zoning laws regulate the manner in which the property can be used and do not impair title, the damages claimed by plaintiffs do not fall within the scope of the title insurance policy (see generally, Logan v Barretto, 251 AD2d 552; Chu v Chicago Tit. Ins. Co., 89 AD2d 574; 14 Warren’s Weed, New York Real Property, Title Insurance, § 4.04 [3] [a], at 77-78 *309 [4th ed]). We further note that plaintiffs did not allege that they ever entered into a special agreement with defendant to ascertain that the structure in issue was in conformity with the certificate of occupancy. Accordingly, defendant’s motion for summary judgment dismissing the complaint should have been granted.
Harness, P. J., McCooe and Davis JJ., concur.