■ In the Matter of H.M. Village Realty, Appellant, v New York State Division of Housing and Community Renewal,

Respondent and ERWIN GOROSTIZA et al., Intervenors-Respondents. [758 NYS2d 32] —Order and judgment (one paper), Supreme Court, New York County (Faviola Soto, J.), entered September 30, 2002, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul a determination by respondent New York State Division of Housing and Community Renewal (DHCR), dated May 17, 2002, which denied petitioner's application for a substantial rehabilitation exemption from rent stabilization, unanimously affirmed, without costs.

DHCR Operational Bulletin 95-2 conforms with the guidelines regarding substantial rehabilitation of a building set by this Court in *Matter of Eastern Pork Prods. Co. v New York State Div. of Hous. & Community Renewal* (187 AD2d 320 [1992]). In *Eastern Pork,* we stated that the words "substantially rehabilitated" were not technical terms, but were general, commonly used terms which were to be accorded their commonly understood meaning (at 323). Subsequent to that decision, DHCR issued Operational Bulletin 95-2 in which it set forth its criteria for finding that a building had been substantially rehabilitated. In the seven years since the promulgation of Operational Bulletin 95-2, neither the courts nor the Legislature have disturbed DHCR's substantial rehabilitation criteria. In fact, we implicitly recognized the validity of those criteria when we cited Operational Bulletin 95-2 in *Matter of Steffey v New York State Div. of Hous. & Community Renewal* (276 AD2d 407, 408 [2000], *lv denied* 96 NY2d 709 [2001]). In that case, we denied a petition to annul a DHCR determination that various apartments in a building were exempt from rent regulation.

Inasmuch as the record supports DHCR's finding that petitioner failed to demonstrate, in accordance with the substantial rehabilitation criteria of Operation Bulletin 95-2, that at least 75% of the building-wide and apartment systems had been totally replaced, DHCR's decision to deny petitioner a substantial rehabilitation exemption from rent stabilization was rationally based and not arbitrary and capricious and, thus, may not be judicially disturbed (*see Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-232 [1974]; *Matter of Kenton Assoc. v Division of Hous. & Community Renewal,* 225 AD2d 349 [1996]). Concur—Mazzarelli, J.P., Sullivan, Lerner, Friedman and Gonzalez, JJ.