OPINION OF THE COURT
Per Curiam.
Final judgment entered October 2, 2002 affirmed, with $25 costs.
Order entered November 21, 2002 affirmed, with $10 costs.
A fair interpretation of the voluminous trial evidence supports the trial court’s finding that landlord’s building was not substantially rehabilitated and thus not exempt from rent stabilization (see, McKinney’s Uncons Laws of NY § 8625 [a] [5] [Emergency Tenant Protection Act of 1974 § 5 (a) (5) (L 1974, ch 576, § 4)]; Rent Stabilization Code [9 NYCRR] § 2520.11 [e]), warranting dismissal of the holdover petition. Landlord’s evidence was insufficient to establish that at least 75% of the building-wide and apartment systems had been completely replaced in accordance with the substantial rehabilitation criteria of Division of Housing and Community Renewal (DHCR) Operational Bulletin 95-2 (see, Matter of Woodcrest Mgt. Corp. v State Div. of Hous. & Community Renewal, 2 AD3d 172 [2003]). While landlord replaced kitchens, bathrooms and intercoms, the plumbing, heating and electrical systems were not materially changed; the roof, fire escapes, interior stairways and most of the floors were not replaced; and only portions of the apartment ceilings and plastered surfaces were replaced. *67 Nor was it established that the building was in a “substandard or seriously deteriorated condition” at the time of the work (see, Rent Stabilization Code [9 NYCRR] § 2520.11 [e] [3]). Given that the “substantial rehabilitation” exemption is to be strictly construed (see, Pape v Doar, 160 AD2d 213, 215 [1990]), we have no basis to disturb the meticulous findings of fact made by the trial court on a complete record (see, Claridge Gardens v Menotti, 160 AD2d 544 [1990]).
Contrary to landlord’s argument, the Operational Bulletin is not in “serious conflict” with section 2520.11 (e) of the Code, which, we significantly note, expressly authorizes DHCR, at its “discretion,” to implement the criteria for substantial rehabilitation by operational bulletin. The validity of the Operational Bulletin has recently been upheld by the Appellate Division (see, Matter of H.M. Vil. Realty v New York State Div. of Hous. & Community Renewal, 304 AD2d 346 [2003]).
Since the central issue contested at the 12-day trial was the applicability of the “substantial rehabilitation” exemption, tenants were properly deemed prevailing parties based upon the “true scope of the dispute litigated” (see, Excelsior 57th Corp. v Winters, 227 AD2d 146, 147 [1996]). Accordingly, they are entitled to an award of attorneys’ fees pursuant to the parties’ lease agreement and the reciprocal provisions of Real Property Law § 234 (see, Centennial Restorations Co. v Wyatt, 248 AD2d 193, 196-197 [1998]).
Davis, J.E, Gangel-Jacob and Schoenfeld, JJ., concur.