■ In the Matter of GEORGE PAVIA, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [802 NYS2d 361]—

Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered April 30, 2004, which denied the petition brought pursuant to CPLR article 78 to annul a determination by respondent New York State Division of Housing and Community Renewal (DHCR), dated July 11, 2003, which affirmed an order of the Rent Administrator that denied petitioner's application for a substantial rehabilitation exemption from rent stabilization, unanimously affirmed, without costs.

The record supports DHCR's finding that petitioner failed to demonstrate, in accordance with the substantial rehabilitation criteria of DHCR Operational Bulletin 95-2, that the building was in substandard or seriously deteriorated condition, and that at least 75% of the building-wide and apartment systems had been totally replaced. Inasmuch as DHCR's decision to deny petitioner a substantial rehabilitation exemption from rent stabilization was rationally based and not arbitrary and capricious, it may not be judicially disturbed (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-232 [1974]; *Matter of H.M. Vil. Realty v New York State Div. of Hous. & Community Renewal*, 304 AD2d 346, 347 [2003]).

There is no merit to petitioner's contention that DHCR acted arbitrarily or capriciously in declining to presume that the build-

ing was substandard or seriously deteriorated, since petitioner did not show that the building was at least 80% vacant of residential tenants when the renovation began (*see* DHCR Operational Bulletin 95-2 [I] [B]). Also without merit is petitioner's claim that DHCR was too stringent in its documentation requirements. To begin with, an agency's interpretation of its own rules is entitled to great deference. Although Operational Bulletin 95-2 does provide for relaxation of documentation requirements, it does not relieve an owner from the burden to establish, through adequate documentation, that substantial rehabilitation has in fact taken place. It was petitioner's failure to meet this basic burden, and not his failure to meet more exacting documentation requirements, that required the denial of his application. Concur—Buckley, P.J., Saxe, Marlow, Ellerin and Williams, JJ.