■ In the Matter of ISABELITA GONZALEZ, Appellant, et al., Petitioner, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF

THE STATE OF NEW YORK, Respondent, et al., Respondents. [943 NYS2d 889]—Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered May 6, 2010, dismissing the proceeding brought pursuant to CPLR article 78, and bringing up for review an order, same court and Justice, entered July 17, 2009, which denied the petition to annul a determination of respondent Division of Housing and Community Renewal (DHCR), dated November 19, 2007, which affirmed an order of the DHCR Rent Administrator, dated January 11, 2007, granting respondents-owners' application for a substantial rehabilitation exemption from rent stabilization, unanimously affirmed, without costs.

DHCR's determination was rationally based on the record and not arbitrary and capricious or contrary to law (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]). Indeed, the record supports DHCR's finding that the building had been substantially rehabilitated within the meaning of Rent Stabilization Code (9 NYCRR) § 2520.11 (e) and DHCR's Operational Bulletin 95-2 (*cf. Matter of Pavia v New York State Div. of Hous. & Community Renewal*, 22 AD3d 393 [2005]). There is no evidence that the documents and affidavits submitted by the owners to DHCR were fabricated or fraudulent, or that DHCR was biased.

To the extent petitioner relies on the equitable doctrines of laches and estoppel, those doctrines cannot be invoked against the agency to prevent it from discharging its statutory duties (*see Matter of Kenton Assoc. v Division of Hous. & Community Renewal*, 225 AD2d 349, 350 [1996]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Freedman and Abdus-Salaam, JJ.

———

Motion seeking to enlarge the record denied.