WFCC Realty Corp., Petitioner-Landlord-Respondent,
against
Huang Hui Zhen & Xiao Saichen, Ren Kai Zheng & Mei Rong Lin, and Qin Gao Xui Yun Guo & Jijian Yang, Respondents-Tenants-Appellants.



Tenants, as limited by their briefs, appeal from so much of an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), dated December 28, 2016, which granted landlord's cross motion for summary judgment of possession in consolidated holdover summary proceedings.




Per Curiam.
Order (Jack Stoller, J.), dated December 28, 2016, insofar as appealed from, reversed, without costs, landlord's cross motion denied, and matter remanded to Civil Court for further proceedings.
These consolidated holdover proceedings, based upon allegations that the apartments are exempt from rent stabilization due to a substantial rehabilitation of the subject apartment building after January 1, 1974 (see Rent Stabilization Code [9 NYCRR] § 2520.11), are not susceptible to summary disposition. Landlord failed to adduce evidence establishing, as a matter of law, that at least 75% of the building-wide and apartment systems had been totally replaced, in accordance with the substantial rehabilitation criteria of DHCR's Operational Bulletin 95-2 (see Matter of Woodcrest Mgt. Corp. v Division of Hous. & Community Renewal, 2 AD3d 172 [2003]. Indeed, landlord, who owned the building in the mid-1980s when the work was allegedly performed, claimed to have retained no evidence of the rehabilitation, such as invoices, receipts or photographs, and relied upon documents in public files. Similarly, landlord's contractor also professes to have no records or independent recollection of the work. In addition, the limited evidence submitted raises triable issues as to whether there was a total replacement of windows, doors, electrical wiring, gas supply and intercoms, among other building-wide and apartment systems.
While Operational Bulletin 95-2 does provide for relaxation of documentation requirements in situations where, as here, the rehabilitation was performed prior to the [*2]implementation of the Operational Bulletin, the landlord is not relieved of the burden to establish, through adequate documentation, that substantial rehabilitation has taken place (see Matter of Pavia v New York State Div. of Hous. & Community Renewal, 22 AD3d 393 [2005]).
In view of our determination, we reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 25, 2018