WFCC Realty Corp., Petitioner-Landlord-Respondent, 
against
Xin Mei Lin, Respondent-Tenant-Appellant.



Tenant, as limited by her briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County, entered July 28, 2017 (Hannah Cohen, J.), as granted landlord's motion for summary judgment of possession in a holdover summary proceeding.




Per Curiam.
Order (Hannah Cohen, J.), entered July 28, 2017, insofar as appealed from, reversed, with $10 costs, landlord's motion denied, and matter remanded to Civil Court for further proceedings.
This holdover proceeding, based upon allegations that the premises are exempt from rent stabilization due to a substantial rehabilitation of the subject apartment building after January 1, 1974 (see Rent Stabilization Code [9 NYCRR] § 2520.11), is not susceptible to summary disposition. Landlord failed to adduce evidence establishing, as a matter of law, that at least 75% of the building-wide and apartment systems had been totally replaced, in accordance with the substantial rehabilitation criteria of DHCR's Operational Bulletin 95-2 (see Matter of Woodcrest Mgt. Corp. v Division of Hous. & Community Renewal, 2 AD3d 172 [2003]. Indeed, landlord, who owned the building in the mid-1980s when the work was allegedly performed, claimed to have retained no evidence of the rehabilitation, such as invoices, receipts or photographs, and relied in large part upon documents in public files. Similarly, landlord's contractor also professed to have no records or independent recollection of the work (see WFCC Realty Corp. v Huang Hui Zhen, 59 Misc 3d 140[A], 2018 NY Slip Op 50620[U] [App Term 1st Dept 2018]).
While Operational Bulletin 95-2 does provide for relaxation of documentation requirements in situations where, as here, the rehabilitation was performed prior to the implementation of the Operational Bulletin, the landlord is not relieved of the burden to establish, through adequate documentation, that substantial rehabilitation has taken place (see Matter of Pavia v New York State Div. of Hous. & Community Renewal, 22 AD3d 393 [2005]).
In any event, tenant raised triable issues of fact by submitting an affidavit and report of an architect who inspected the building and six of the twelve apartments therein, and concluded, inter alia, that the plumbing in the building above the first floor; the supply lines, meters and electrical wiring; and the roof, fire escapes and interior stairways all appear to be original.
We express our disapproval of the failure of landlord's attorney to cite adverse authority. The failure is especially glaring in this case since counsel represented the same landlord in a prior appeal before this Court, which addressed the same issues and involved similar, if not identical facts (see WFCC Realty Corp. v Huang Hui Zhen, 59 Misc 3d at 140[A]), and, unless and until overruled or disagreed with by this Court, is "controlling" authority that counsel was obligated to bring to the attention of this Court (see Nachbaur v American Transit Ins. Co., 300 AD2d 74, 76 [2002]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 04, 2018