Robert Heller, Petitioner-Landlord-Appellant, 
against
Birch Cooper, Respondent-Tenant-Respondent, -and- "John Doe" and "Jane Doe", Respondents-Undertenants.



Landlord appeals from an order of the Civil Court of the City of New York, New York County, dated April 19, 2018 (Michael L. Weisberg, J.), which granted tenant's motion for partial summary judgment dismissing the petition and denied landlord's cross motion for summary judgment.




Per Curiam.
Order (Michael L. Weisberg, J.), dated April 19, 2018, modified to deny tenant's motion for partial summary judgment, to reinstate the petition, and remand the matter to Civil Court for further proceedings; as modified, order affirmed, without costs.
This holdover proceeding, based upon allegations that the premises are exempt from rent stabilization due to a substantial rehabilitation of the subject apartment building on or after January 1, 1974 (see Rent Stabilization Code [9 NYCRR] § 2520.11), is not susceptible to summary disposition. The conflicting evidence in the record raises triable issues as to whether the criteria for substantial rehabilitation in DHCR's Operational Bulletin 95-2 were met, including whether 75% of relevant building systems were "completely replaced," or whether landlord established "good cause" for application of one of the "limited exceptions" to the 75% requirement, namely, where landlord demonstrates that "a particular component of the building or system has recently been installed or upgraded so that it is structurally sound and does not require replacement, or that the preservation of a particular component is desirable or required by law due to its aesthetic or historic merit" (see WFCC Realty Corp. v Xin Mei Lin, 61 Misc 3d 130[A], 2018 NY Slip Op 51402[U] [App Term, 1st Dept 2018]). These factual issues are best resolved at a trial (see Brownstone Partners, L.P. v Slupinski, 44 Misc 3d 134[A], 2014 NY Slip Op 51199[U] [App Term, 1st Dept 2014]; 155 Wooster, LLC v Dalrymple, 21 Misc 3d 138[A], 2008 NY Slip Op 52306[U] [App Term, 1st Dept 2008]; Cassorla v Foster, 2 Misc 3d 65 [App [*2]Term, 1st Dept 2004]).
Contrary to landlord's argument, we again note that "the Operational Bulletin is not in 'serious conflict' with section 2520.11[e] of the Code, which expressly authorizes DHCR, at its 'discretion,' to implement the criteria for substantial rehabilitation by operational bulletin" and "the validity of the Operational Bulletin has [] been [repeatedly] upheld by the Appellate Division" (Cassorla v Foster, 2 Misc 3d at 67, citing Matter of H.M. Vil. Realty v New York State Div. of Hous. & Community Renewal, 304 AD2d 346 [2003]; see Matter of Pavia v New York State Div. of Hous. & Community Renewal, 22 AD3d 393 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 28, 2018