529 E. 235th St. Estates LLC v City of New York (2025 NY Slip Op 25254)

[*1]

529 E. 235th St. Estates LLC v City of New York

2025 NY Slip Op 25254

Decided on November 25, 2025

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on November 25, 2025
Supreme Court, New York County

529 East 235th Street Estates LLC, Plaintiff,

against
The City of New York, NEW YORK CITY DEPARTMENT OF BUILDINGS, Defendant.

Index No. 156175/2025

For Defendants City of New York and the New York City Department of Buildings:
Jerald Horowitz, Esq., Assistant Corporation Counsel, New York City Law Department.
For Plaintiff 529 East 235th Street Estates LLC:
Eytan Goldschein, Esq., Goldschein Law Practice

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22 were read on this motion to DISMISS.
With the instant motion, defendants the City of New York ("City") and the New York City Department of Buildings ("DOB") (collectively, "Defendants") move, pursuant to CPLR § 3211(a), to dismiss the complaint filed by plaintiff 529 East 235th Street Estates LLC ("Plaintiff"). Defendants contend that no justiciable controversy exists to warrant declaratory relief absent a collection action; that RPAPL § 1501(1) is inapplicable to façade civil penalties because such penalties do not constitute encumbrances on title; and that Plaintiff failed to [*2]exhaust available administrative remedies, including the waiver procedures set forth in 1 RCNY § 103-04(d)(5) and (e). Plaintiff opposes. The motion is fully submitted, with the parties having filed memoranda of law, supporting affidavits, and presented oral argument on November 25, 2025. For the reasons that follow, Defendants' motion is granted, and the complaint is dismissed in its entirety.
BACKGROUND
Plaintiff is the owner of real property located at 529 East 235th Street, Bronx, New York (the "property") (NYSCEF Doc No. 2, complaint ¶ 10). As alleged in the complaint, the DOB has imposed façade violation penalties on the property under Local Law 11 of 1998, otherwise known as the Façade Inspection Safety Program ("FISP").[FN1]
The violations in question include Violation No. 113007LL1198NRF44988, imposed on November 30, 2007, in the amount of $17,250.00, Violation No. 083013FISPNRF01159, imposed on August 30, 2013, in the amount of $4,250.00, and Violation No. 073118FISPNRF00350, imposed on July 31, 2018, in the amount of $100,000.00 (id. ¶ 12-14). The total amount of the violations is $121,500.00 (id. ¶ 14).
It is undisputed that Plaintiff failed to file the required FISP reports for multiple successive cycles. As a result, DOB issued the three violations identified above, each carrying a monetary penalty that remains unpaid and continues to appear on the Department of Finance's records for the property. Plaintiff neither challenged nor satisfied these penalties through DOB's Facade Unit, which provides a mechanism—via the "Waiver of Civil Penalties" process under 1 RCNY § 103-04—for owners to contest alleged errors in façade-related violations.
Instead, Plaintiff filed this action on May 12, 2025, naming the City and DOB as defendants. The complaint's first cause of action seeks a declaration that CPLR § 214's three-year statute of limitations bars enforcement of the penalties. The second cause of action, brought under RPAPL article 15, requests cancellation of record of the penalties under RPAPL § 1501(1) as "clouds" on title (NYSCEF Doc No. 2, complaint ¶¶ 10, 17-24).
Defendants moved on June 12, 2025 to dismiss under CPLR § 3211, asserting (a) the declaratory judgment claim is premature and advisory, (b) the RPAPL claim fails because the violations are not "instruments, liens or other encumbrances" on title, (c) Plaintiff did not exhaust administrative remedies (e.g. Facade waiver procedure), and (d) other procedural defects. No collection action was pending when the complaint was filed. The motion is now ripe for decision.

 ARGUMENTS
In support of its motion, the City contends that the complaint fails to state a viable cause of action for declaratory judgment because no justiciable controversy exists regarding the statute of limitations unless and until the City initiates an action to collect the penalties. The City further asserts that the RPAPL claim must be dismissed because the cited violations do not constitute a cloud on title. In addition, the City argues that Plaintiff has not articulated any cognizable basis for relief in the nature of prohibition or mandamus. Finally, the City maintains that this action is barred because Plaintiff failed to exhaust available administrative remedies before commencing suit, including the procedures for challenging or seeking a waiver of the civil penalties at issue.
Plaintiff opposes the motion and argues that, because it is not seeking a waiver of the violations, no administrative remedy exists that could provide the relief it seeks. Plaintiff further contends that the relief sought is not speculative, asserting that the violations cloud title to the property insofar as the associated penalties appear in a publicly accessible database and, in its view, "run with the title" upon transfer of the property. Plaintiff maintains that RPAPL § 1501 expressly authorizes an action to compel the determination of any claim that, based on public records, might be asserted against it, and that such an action may proceed even where the court must address the applicable statute of limitations. Plaintiff therefore argues that it is entitled to declaratory relief—both as a matter of law and public policy—because the City's position would permit violations to remain indefinitely on public record, outlasting not only the statute of limitations for collecting the penalty but even the ten-year period for enforcing a judgment.

DISCUSSION
On a motion to dismiss brought under CPLR § 3211, the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994] [citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (see JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759, 764 [2015]). The court must be liberally construe the complaint and "accept as true the facts alleged in the complaint and any submissions in opposition to the dismissal motion" (511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002] [internal citations omitted]). However, a pleading consisting of "bare legal conclusions" is insufficient to defeat a motion to dismiss (Leder v Spiegel, 31 AD3d 266, 267 [1st Dept 2006], affd 9 NY3d 836 [2007], cert denied 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (Robinson v Robinson, 303 AD2d 234, 235 [1st Dept 2003]).
I. Declaratory Judgment and Justiciability
A declaratory judgment under CPLR § 3001 requires an "actual controversy" concerning the rights of the parties. Indeed, under CPLR § 3001, "[t]he supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed." A declaratory judgment may not be issued where it would amount to no more than an [*3]advisory opinion; rather, there must exist a "genuine legal dispute" warranting judicial resolution (Combustion Eng'g, Inc. v Travelers Indem. Co., 75 AD2d 777, 778 [1st Dept 1980], aff'd 53 NY2d 875 [1981]). "Before an action is even commenced, any declaration as to the applicability of a period of limitations is purely advisory, since it can have no immediate effect and may never resolve anything" (Prand Corp. v Gardiner, 176 AD3d 1127, 1129 [2d Dept 2019]; quoting Employers' Fire Ins. Co. v. Klemons, 229 AD2d 513, 514 [2d Dept 1996]). Courts will not entertain a declaratory action if the judgment would rest on hypothetical future events. In Employers' Fire Ins. Co. v. Klemons, 229 AD2d 513, 523 (2d Dept 1996), the plaintiff insurer sought a preemptive declaration that an insured's claim would be time-barred if sued. The Appellate Division, Second Department, held this request was speculative: "[t]here was no justiciable controversy" because "the fact that an action is time-barred is an affirmative defense" that depends on the existence of an actual suit (id.). Likewise, Bachety v. Kinsella, 146 AD2d 725, 726 (2d Dept 1989), affirmed dismissal of a declaratory suit on the ground any decision "would be merely advisory" absent an actual enforcement action. In reaching that conclusion, the Appellate Division, Second Department, relied on the reasoning articulated in NY Pub. Interest Research Group v Carey, 42 NY2d 527, 531 (1977), which held that courts "will not entertain a declaratory judgment action when any decree... will become effective only upon the occurrence of a future event that may or may not come to pass," and that, where a decision "might ultimately prove to have no effect on the substantial rights of either party," the complaint must be dismissed.
Here, no person or entity has sued Plaintiff to collect the penalties, no foreclosure or enforcement proceeding is pending, and DOB has not taken action to turn the penalties into a lien or judgment. Absent any collection suit or lien foreclosure, the request for a declaration that a statute of limitations will bar future (speculative) enforcement is advisory. As in Klemons, Plaintiff asks the court to pre-emptively rule on a time-bar defense that "can have no immediate effect." No present dispute exists: the City may still (in principle) pursue the penalties, and until it does, the court cannot know how limitations or tolling might apply. In short, Plaintiff's first cause of action fails for lack of a justiciable controversy. The motion to dismiss the declaratory judgment claim is therefore granted.
II. RPAPL § 1501(1) — Nature of Penalty Charges
Plaintiff contends that it is entitled to a determination pursuant to RPAPL § 1501 (1), which provides the following, in relevant part:
Where a person claims an estate or interest in real property; . . . such person . . . may maintain an action against any other person, . . . to compel the determination of any claim adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, or from the allegations of the complaint, the defendant might make[.]
(RPAPL § 1501 [1]). To maintain an action to quiet title to real property under RPAPL § 1501 (1), "a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument, that is actually invalid or inoperative" (Davis v Augoustopoulos, 198 AD3d [*4]528, 529 [1st Dept 2021]). RPAPL § 1501(1) authorizes a property owner to sue "to cancel or discharge of record any instrument, lien, or other encumbrance" on the title. This statute traditionally applies to identifiable title defects or liens (e.g. mortgages, deeds, attachment liens, tax liens, etc.).
Here, Plaintiff characterizes the façade-penalty notices as "charges" on the property's title that must be extinguished. However, Logan v. Barretto, 251 AD2d 552, 553 (2d Dept), appeal denied, 92 NY2d 815 (1998), is directly controlling. In Logan, the Appellate Division, Second Department, held unequivocally that government-issued violation notices—in that case, Westchester County health-department notices of noncompliance—"are not encumbrances on the title, and do not render title unmarketable." The court emphasized that marketability of title concerns "unencumbered ownership," not regulatory compliance: "[m]arketability of title is concerned with impairments on title not with legal public regulation of the use of the property." In Logan, the Sanitary Code violations merely regulated the property's use (the manner of sewage discharge) and were not liens or legal encumbrances. Likewise, FISP penalties are part of a regulatory enforcement scheme — they do not create any estate in land or lien of record (absent further DOB action), nor do they attach to title in the manner of a mortgage or mechanic's lien. In sum, the façade penalties here, like the sanitary code notices in Logan, are legal burdens of compliance, not "instruments, liens or other encumbrances" in the RPAPL sense.
Plaintiff nevertheless invokes RPAPL § 1501(1) as the sole statutory basis for relief. That statute does not by its terms cover ephemeral regulatory penalties. The fact that the violations were publicly docketed does not transform them into title clouds. As Logan illustrates, a statutory violation notice does not deprive an owner of marketable title; it only requires the owner to remedy a condition. There is no provision in RPAPL § 1501 for cancelling mere administrative penalties. The only arguably analogous RPAPL remedy is § 1501(4) for mortgages (which Prand and others treat as special), and even that requires strict proof the obligation is time-barred.
Prand Corp. v. Gardiner, 176 AD3d 1127 (2d Dept 2019), underscored that limitation based cancellations under RPAPL are not automatic. Prand concerned a mortgage lien and the six-year limitation of CPLR§ 213(4). The court noted that once a debt is time-barred, § 1501(4) permits cancellation of a "mortgage or other encumbrance" of record. However, it affirmed denial of relief because the plaintiff had not shown any debt acceleration or that the six-year period had in fact expired. By analogy, even if one viewed a façade penalty as a "debt," Plaintiff here has shown nothing about when (or whether) the penalties matured. Moreover, unlike a mortgage, no acceleration clause or suit applies. Without clear evidence that each penalty debt became fixed and remained unchallenged for three years, Plaintiff cannot satisfy the prerequisites of § 1501.
Plaintiff relies on Davis, cited supra, which held that an Article 15 quiet-title claim may proceed "at any time while the claimant is in possession." That case involved a plaintiff's equitable interest in real property and an alleged patent title defect. It stands for the proposition that actual possession and cloud can overcome technical limitations periods. But here, Plaintiff's [*5]claim is not to establish a property interest; it is to remove a statutory charge. No court has held that § 1501(1) reaches regulatory violations. And even under Davis, Plaintiff would still need a cognizable title interest and a removable cloud. The façade penalties do not fit that paradigm. Unlike Davis, where the plaintiffs alleged an equity in title, Plaintiff here does not claim any title defect other than the penalties themselves. Accordingly, the RPAPL § 1501(1) cause of action fails as a matter of law.
A practical illustration helps make the distinction even clearer. Consider a homeowner who receives a building-code violation for an illegal basement apartment. That violation must be corrected, and monetary penalties may accrue if the owner fails to cure the condition. Nevertheless, the violation does not affect the deed, does not create a lien, does not impair the ability to convey the property, and does not prevent a lender from accepting the property as collateral. A prospective purchaser may inherit the responsibility to correct the underlying condition, but title itself remains valid and fully marketable. The violation is a matter of regulatory enforcement, not an encumbrance on ownership.
The FISP penalties at issue here function in precisely the same way. They may impose financial obligations and may appear in publicly accessible databases, but they neither confer upon the City any estate or interest in the land nor restrict an owner's right to transfer, mortgage, or occupy the property. They are regulatory in nature—safety-driven requirements imposed to ensure the structural integrity of building façades—not encumbrances on title. This is the very distinction emphasized in Logan v Barretto, where the court held that administrative code violations, even if publicly recorded, do not constitute clouds on title because they regulate property conditions rather than ownership interests.
Plaintiff's interpretation would collapse this important distinction. The mere appearance of violations in DOB NOW, ACRIS, or other databases cannot convert them into encumbrances. Were that the rule, virtually every administrative enforcement mechanism—fire code violations, sanitation fines, HPD housing-code violations, ECB penalties, or any DOB citation across the Administrative Code—would suddenly become a "cloud on title" removable under RPAPL § 1501. Such an interpretation would transform Article 15 into a universal vehicle for challenging any regulatory notice or fine, a result manifestly inconsistent with the statute's text, its history, and decades of case law limiting its reach to instruments and interests directly affecting title.
The contrast with RPAPL § 1501(4) further underscores this point. That provision allows cancellation of mortgages or other true encumbrances once the underlying debt is time-barred. But even in that narrow and expressly enumerated category, courts require strict, affirmative proof of expiration of the limitations period. In Prand, for example, the Appellate Division, Second Department, refused cancellation of a mortgage lien because the plaintiff failed to establish that the six-year statute of limitations had actually expired. If such stringent proof is demanded for mortgages—the quintessential encumbrance on title—it follows a fortiori that regulatory penalties, which are not encumbrances at all, cannot be cancelled under RPAPL § 1501(1). Here, Plaintiff has shown neither that the façade penalties qualify as encumbrances, nor that they accrued at a determinable point in time, nor that any applicable limitations period has expired.
Nor does Davis aid Plaintiff. Davis concerned a genuine claim of a defect in title—an alleged cloud impacting ownership—and the court's observation that a quiet-title action may be brought "at any time while the claimant is in possession" was made in that narrow context. Plaintiff here asserts no defect in its deed, identifies no competing ownership claim, and points to no instrument purporting to convey an interest in the property. It seeks only to erase façade-safety penalties arising from regulatory noncompliance. Article 15 is designed to clarify and quiet title—not to expunge administrative records or rewrite agency enforcement histories. To stretch Davis to cover regulatory penalties would strip the statute of its intended limits.
In sum, the façade penalties at issue—like the sanitary-code violations in Logan—are regulatory obligations arising from safety and maintenance requirements, not "instruments, liens, or other encumbrances" within the meaning of RPAPL § 1501(1). They do not impair marketability of title, do not cloud ownership, and do not confer upon the City any property interest. Accordingly, they are not subject to cancellation in a quiet-title action, and Plaintiff's claim under RPAPL § 1501(1) fails as a matter of law.
III. Failure to Exhaust Administrative Remedies
DOB's regulatory scheme provides owners with an administrative avenue to challenge or waive façade penalties. By regulation (1 RCNY § 103-04), an owner may submit proof that a penalty was issued in error and request a waiver using the DOB approved form. Courts generally require that when a statute or regulation creates a specific administrative remedy, litigants must exhaust it before seeking judicial relief (see, e.g., Watergate II Apts. v. Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; see also Koultukis v. Phillips, 285 AD2d 433 [1st Dept 2001]). Here, Plaintiff concedes it did not pursue the waiver process or any other administrative review. That omission suggests Plaintiff has not availed itself of potentially dispositive remedies. Although exhaustion was not briefed fully, its failure is another ground supporting dismissal: the proper forum for challenging DOB violations is the administrative process or (absent relief there) a CPLR article 78 review — not a declaratory/quiet-title action in the New York State Supreme Court.
In light of the foregoing, Plaintiff's decision to bypass the very administrative mechanisms designed to address the type of relief it now seeks underscores the impropriety of invoking the jurisdiction of this court at this stage. The exhaustion doctrine promotes administrative autonomy, ensures the development of an adequate factual record, and prevents courts from prematurely intruding into matters entrusted to agency expertise. Allowing Plaintiff to proceed despite having ignored the established waiver and review procedures would not only contravene long-standing principles of administrative law, but would also invite regulated parties to circumvent orderly agency processes whenever they find them inconvenient. The court therefore concludes that Plaintiff's failure to pursue available administrative remedies provides an independent and compelling basis for dismissal.
IV. Article 78 of the CPLR
Finally, to the extent that the essence of Plaintiff's claims is that the City has failed to [*6]take timely enforcement action with respect to the façade penalties at issue, long-settled New York law provides that challenges to the actions—or inaction—of a municipal agency must generally be brought, if at all, in a CPLR article 78 proceeding. "A special proceeding under CPLR article 78 is available to challenge the actions or inaction of agencies and officers of state and local government" (Matter of Gottlieb v City of New York, 129 AD3d 724, 725 [2d Dept 2015]). By contrast, "[a] declaratory judgment is a discretionary remedy, and is usually unnecessary where a full and adequate remedy is provided by another form of action" (Dolce-Richard v New York City Health & Hosps. Corp., 149 AD3d 903, 904 [2d Dept 2017]).
Against this backdrop, Plaintiff's first cause of action—seeking, in effect, to restrain DOB and the City from enforcing civil penalties—fails as a matter of law. A writ of prohibition is "an extraordinary remedy," available only where there is a clear legal right and where an officer or body "acts or threatens to act without jurisdiction" or otherwise exceeds its lawful authority (Matter of Dondi v Jones, 40 NY2d 8, 13 [1976], quoting Matter of State of New York v King, 36 NY2d 59, 62 [1975]). Prohibition is not a means of correcting ordinary agency errors; it is invoked sparingly "to forbid the exercise of unauthorized powers," and only when no other adequate remedy exists (Matter of Ronan v Brown, 35 AD2d 959 [2d Dept 1970]). Here, the Administrative Code expressly empowers DOB to employ a range of enforcement mechanisms, including civil actions, to collect penalties (Admin Code § 28-201.3). Plaintiff does not contend that DOB acted without jurisdiction or that the violations were wrongly issued; it merely objects to the pace of enforcement. But laches cannot be asserted against governmental entities carrying out statutory mandates or acting to protect public safety (Matter of Kenton Assocs., Ltd. v Div. of Hous. & Community Renewal, 225 AD2d 349, 350 [1st Dept 1996]; State of New York by Vacco v Astro Shuttle Arcades, Inc., 221 AD2d 198 [1st Dept 1995]). Plaintiff therefore identifies no legal or equitable basis for prohibiting enforcement.
Plaintiff's second claim, which seeks to compel DOB to expunge all outstanding FISP penalties from its records, is equally unavailing. Such relief sounds in mandamus, an "extraordinary remedy" available only to compel the performance of a purely ministerial act to which the petitioner has a clear legal right (Silverman v Lobel, 163 AD2d 62, 62 [1st Dept 1990]). It does not lie to compel discretionary acts "involving the exercise of reasoned judgment" (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]). Plaintiff points to no statute, regulation, or rule requiring DOB—ministerially or otherwise—to erase penalties that continue to accrue for unremedied façade conditions. Absent any identified ministerial duty, mandamus does not lie, and the claim must be dismissed.
V. Precedent
The cases identified by the parties reinforce the above analysis. As noted, Klemons, discussed supra, held a prospective limitation declaration is advisory. Bachety v. Kinsella, 146 AD2d 725 (2d Dept 1989), affirmed that declaratory relief is "premature" when based on potential future events. In Bachety, the Appellate Division, Second Department, dismissed an action seeking declarations concerning sewer liens that were not yet enforced, finding any judgment would be purely advisory. Similarly, Charney v. North Jersey Trading Corp., 172 AD2d 390 (2d Dept 1991), dismissed a preemptive declaratory suit about cable-TV charges [*7]before any demand or enforcement, for lack of an actual controversy. Here, Plaintiff's situation is no different: unless and until DOB takes concrete enforcement action, there is no present case of enforcement to litigate.
Likewise, Logan v. Barretto, discussed supra, reinforces that purely regulatory violations are not title encumbrances. And Prand, while involving a mortgage, sets forth the general rule that RPAPL relief requires proof that the penalty/debt is no longer collectible. None of Plaintiff's cited authority mandates a different outcome; in fact, they highlight the contrary. The only somewhat analogous decisions are unreported trial court orders (e.g. 118 W. 27 LLC v. City of NY, Sup. Ct. NY Cnty., Index No. 161261/2024, decision Aug. 13, 2025), which likewise declined to clear old DOB penalties absent exhaustion of remedies. Even accepting Plaintiff's characterization that this is a statutory quiet title case, those cases make clear a party must first demonstrate the debt's unenforceability. Plaintiff has not done so.
Finally, public policy disfavors erasing longstanding safety violations merely on a timing technicality. The façade inspection law exists to protect the public from dangerous conditions. Allowing an owner to expunge unpaid violation penalties without any proof of compliance would subvert that purpose and reward noncompliance. Indeed, marketable title concerns do not extend to regulatory burdens; equity does not require the City to forever hold a stale penalty when an owner corrects a defect, but neither does it require excusing an owner who simply ignores obligations. Here, Plaintiff offers no showing of any new safe condition; it simply invokes a limitations defense before any enforcement. Granting such relief would create a loophole permitting building owners to nullify local law enforcement after three years, to the detriment of public safety. The Legislature could have, but did not, provide a specific late-remedy for facade penalties akin to RPAPL § 1501(4) for mortgages. Absent explicit statutory authority, it is not the court's role to craft one.

FINDINGS
In summary, Plaintiff's declaratory judgment claim is premature and advisory, and its RPAPL § 1501(1) claim fails on the merits since DOB's penalties are not title encumbrances. Likewise, Plaintiff did not pursue the available administrative challenge procedures, further undermining any equitable basis for relief.
Accordingly, it is hereby
ORDERED that Defendants' motion to dismiss pursuant to CPLR § 3211 is granted, and the first cause of action seeking a declaratory judgment is dismissed for lack of a justiciable controversy, and the second cause of action brought under RPAPL § 1501(1) is dismissed for failure to state a cognizable claim; and it is further
ORDERED that dismissal is further warranted on the independent ground that Plaintiff failed to exhaust available administrative remedies; and it is further
ORDERED that to the extent Plaintiff seeks relief in the nature of prohibition or [*8]mandamus, such claims are dismissed as a matter of law, as Plaintiff has not demonstrated that Defendants acted or threatened to act without jurisdiction, nor has it identified any ministerial duty that DOB is legally obligated to perform; and it is further
ORDERED that Defendants shall, within ten (10) days of the date of this decision and order, serve a copy of this decision and order with notice of entry upon the Clerk of the Court, and shall file proof of such service within ten (10) days after effectuating service; and it is further
ORDERED that upon service and filing of the foregoing, the Clerk of the Court is directed to enter judgment dismissing the complaint in its entirety.
This constitutes the decision and order of the court.
DATE 11/25/2025
HASA A. KINGO, J.S.C.

Footnotes

Footnote 1:Local Law 11 of 1998 (the Façade Inspection & Safety Program) and its implementing rule (1 RCNY § 103-04) require owners of New York City buildings to file periodic façade inspection reports and to correct any unsafe conditions. Failure to file or correct can result in DOB violations and civil penalties.